Perry W. WEAVER, Jr. and Mary Weaver, his wife, Plaintiffs-Appellants,

v.

Calvin TRAVERS and Joseph J. Travers d/b/a Lawrence Pest and Termite Control, et al., Defendants-Respondents.

Nos. 42533, 43074.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 9, 1982.

Joseph A. Lott, Clayton, for plaintiffs-appellants.

Arthur Poger, Chester Love, Donald Kramer, Kramer & Frank, Clayton, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiffs appeal from an order of the trial court sustaining defendants Travers' motion for judgment in accordance with their motion for directed verdict. The jury had found for plaintiffs on their allegations of fraudulent misrepresentation by defendants and assessed damages at $7500 with no punitive award. We affirm.

In 1974, plaintiffs purchased a house from the owner-occupant, Jean Farnham. Ira E. Berry, Inc. acting through June Aydt, represented Mrs. Farnham as agent. The purchase contract between plaintiffs and Mrs. Farnham contained a termite inspection contingency. Plaintiffs' agent went on a trip immediately after the contract was signed and Mrs. Aydt, with plaintiffs' agent's consent, made arrangements for the termite inspection. She contacted Lawrence Pest and Termite Control—the name under which the Travers brothers did business. Cal Travers shortly thereafter made the inspection and forwarded his report to Berry.[1] Upon receipt of the report, Mrs. Aydt forwarded it to the plaintiffs at their residence in New Jersey along with a document to remove the termite inspection contingency, which plaintiffs signed and returned. The real estate closing occurred in August 1974, following which plaintiffs occupied the house. In October 1974 while

---

1. 

"July 2, 1974
RE: 307 Glyn Cogny
Termite Inspection

Ira E. Berry, Inc.
8012 Bonhomme
Clayton, Missouri 63105
Attention: Closing Dept.
Gentlemen:
On July 1, 1974, a thorough termite inspection was made on residence located at 307 Glyn Cogny, St. Louis Co., Missouri.
In areas accessible to visual inspection no active termites were found on surface.
In area beneath sewing room on north end of house no inspection could be made on floor joist (no access) also area beneath front entry no access was available to inspect floor joist. At bay window and north side of front entry some damage was observed beneath sidings. In crawl space no structural damage was observed.
This inspectors opinion to have present termite policy transferred to purchaser and remain in force.
Thank you for this opportunity to be of service to you.
Sincerely,
/s/ Cal Travers
CTT:jt
LAWRENCE PEST & TERMITE CONTROL
CC: June Aydt (2)
 Ira E. Berry, Inc.
Enclosure: Bill"

cleaning a window sill, Mrs. Weaver's hand went through the wood revealing termite damage. Plaintiffs had another termite inspection made by another company, which discovered severe termite damage throughout the house but no active infestation.[2] Subsequent removal of siding from the house confirmed the extent of the damage.

The plaintiffs filed suit against Mrs. Farnham, Berry, Mrs. Aydt and the Travers. The count against the first three defendants premised recovery upon fraudulent misrepresentations by them that the house had no major problems and there was nothing wrong with it. It was alleged that these statements were false because of the termite damage and certain other specified defects. The count against the Travers premised recovery on fraudulent misrepresentations in the termite inspection report and an alleged oral statement by telephone at the time of closing that the damage at the bay window was "nominal."[3] At the close of plaintiffs' case the trial court directed a verdict for Berry and Mrs. Aydt. The jury found for Mrs. Farnham. The notice of appeal was broad enough to include the judgments favorable to those defendants, but on appeal plaintiffs attack only the judgment in favor of the Travers, so only that is before us.

■ As previously stated plaintiffs sought recovery against the Travers solely on the theory of fraudulent misrepresentation. Plaintiffs burden of making a submissible case in fraud is a heavy one. Fraud is not presumed and an inference of its presence can be drawn only if the evidence rises above mere suspicion and points logically and convincingly to fraud. A finding of fraud must rest on something more substantial than suspicion, surmise and speculation. If the facts and circumstances are as consistent with honesty and good faith as with fraud then no case is made for the jury. *Schnuck v. Kriegshauser*, 371

S.W.2d 242 (Mo.1963) [4–7]; *Cantrell v. Superior Loan Corp.*, 603 S.W.2d 627 (Mo.App. 1980) [2–5]; *Glaze v. Glaze*, 311 S.W.2d 575 (Mo.App.1958) [4–6]. It is plaintiffs' burden to establish each of the elements of fraud in order to recover. Those elements are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or his ignorance of the truth; (5) the speaker's intent that his statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) his reliance on the truth of the statement; (8) the hearer's right to rely on the statement; and (9) the hearer's consequent and proximate injury. *Cantrell v. Superior Loan Corp., supra.* [2–5].

■ Defendants challenge the sufficiency of the evidence on several of the elements. We need deal only with element (4). If we accept that plaintiffs' evidence established that some termite damage, not evidenced in the report, existed in areas inspected by defendants at the time of defendants' inspection, there is still no evidence to establish defendants' knowledge of such damage. Nor does the evidence establish that defendants knew the facts contained in the report were false or that they were ignorant of the truth of the report.

■ Plaintiffs' point specifically to two alleged misrepresentations: (1) that the inspection was "thorough" and (2) that the reference to "some damage" in the bay window area did not specifically state "termite damage." Plaintiffs seek to support defendants' knowledge that the use of "thorough" was knowingly false on the basis of their expert's testimony that damage was readily apparent to him and should have been observed by Travers. This does not show fraud, only negligence. The only evidence before the jury on the thoroughness of the inspection was that of Cal Travers who testified to its extent and compre-

2. In 1971 Mrs. Farnham's husband (subsequently deceased) employed a termite exterminator to preventively treat the house for termites, and each year subsequently a booster treatment was made. There is no evidence that the Farnham's or the exterminator were aware

of the presence of termites or termite damage in 1971 or thereafter.

3. Plaintiffs' verdict director made no reference to this oral statement.

hensiveness. There is no evidence that defendants knowingly misrepresented the nature of the inspection.

The only evidence concerning the bay window damage was that Travers placed his screwdriver into a crack in the redwood siding and felt softness which could have resulted from termites or moisture. He was unable to tell which. It is logical to assume that reference to "damage" in a termite inspection report has reference to possible termite damage and failure to so specify is not concealment. At any rate the evidence does not support a finding that Travers knowingly concealed the damage he found.

Plaintiffs also contend that the evidence that defendants made a large number of inspections for Berry establishes a reason or motive for them to misrepresent. This contention requires a presumption that Berry would refuse to employ honest termite inspectors and that defendants knew that. Neither presumption has the slightest factual support and courts do not presume dishonest conduct. In short, the evidence was as consistent with honest, albeit negligent, conduct and good faith as it was with dishonesty and fraud. The trial court properly granted defendants' motion for judgment.

Motion of other defendants for damages for frivolous appeal is denied.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.