James A. FARR, Respondent,

v.

George HOESCH, Appellant.

No. 52923.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1988.

Walter D. McQuie, Jr., Montgomery City, for appellant.

Frank D. Keefe, Ellisville, for respondent.

CRIST, Judge.

Respondent (plaintiff) sued appellant (defendant) for fraud in giving plaintiff an insufficient funds check. Judgment was entered on a jury verdict in favor of plaintiff in the sum of $5,672. The sole issue on appeal is whether there was sufficient evidence of fraud to make a submissible case. Defendant offered no evidence. Finding there was sufficient evidence, we affirm.

Plaintiff and defendant had been in business together since 1980. On January 11, 1985, plaintiff had a meeting with defendant at plaintiff's house in St. Louis County. Defendant, who owed plaintiff $1,672, asked plaintiff for an additional $4,000 cash. Defendant told plaintiff he would give him a check for $5,672 in exchange for the $4,000.

Defendant gave plaintiff a check dated January 11, 1985, drawn on the account of Gasco-Osage Realty Company, Inc., at Boatmen's Bank of Crestwood. When he delivered the check to plaintiff defendant said the check was good. Plaintiff, believing defendant, gave him the $4,000.

About a month or so later, plaintiff deposited the check into his bank. In the intervening time, the check was in the hands of a person plaintiff was doing business with. Plaintiff was not able to collect on the check. He spoke to defendant about the check a couple of months later, and defendant said he would try to make it good, but he never did. Plaintiff has never received any kind of payment in exchange for the check.

At trial plaintiff testified to the above facts. He offered no additional evidence of the balance in the Gasco-Osage Realty Company account (account) on January 11, 1985, or at any other time. Plaintiff also did not introduce any evidence from the bank that the check was returned for insufficient funds.

■ There are nine elements in a fraud action. The plaintiff must prove there was (1) a representation; (2) the representation was false; (3) the representation was material; (4) the speaker knew the representation was false, or he was ignorant of its truth or falsity; (5) the speaker intended his representation to be acted upon by the hearer; (6) the hearer was ignorant of the falsity of the representation; (7) the hearer relied on the truth of the representation; (8) the hearer had a right to rely on the speaker's truthfulness; and (9) the hearer incurred injury. *Klein v. General Electric Co.*, 728 S.W.2d 670, 671 [3] (Mo.App.1987); *Weaver v. Travers*, 631 S.W.2d 81, 83 [4] (Mo.App.1982).

Defendant asserts the trial court erred in submitting the issues to the jury because no evidence was offered to show that when defendant gave plaintiff the check he did not have sufficient funds in the bank to cover it (element 2); that defendant knew, when he gave the check to plaintiff, there were not sufficient funds in the bank to cover it (element 4); that plaintiff attempt-

ed to collect on the check in the month after January 11, 1985; and that defendant represented to plaintiff that the check was negotiable (element 1). Defendant also asserts the case should not have been submitted to the jury because the check was negotiable as that term is defined by the statutes.

■ If defendant did not represent to plaintiff that plaintiff could successfully exchange the check for $5,672 then there was no representation and no fraud. Plaintiff testified defendant told him the check was "good." A bad check is one that is issued "knowing that it will not be paid by the drawee ..." § 570.120.1, RSMo 1986. In common parlance a "good" check is the opposite of a bad check; in other words, a check that will be honored by the bank. The representation that a check is good is that it can be turned into cash.

Defendant argues the instruction given to the jury required them to find "Defendant represented to plaintiff that the check was negotiable," and that good is not the same as negotiable. To be negotiable a writing must among other things "contain an unconditional promise or order to pay a sum certain in money ..." § 400.3–104(1)(b), RSMo 1986. A check is negotiable "if it is a draft drawn on a bank and payable on demand." § 400.3–104(2)(b), RSMo 1986. When defendant assured plaintiff the check was good, that it would be paid, he was representing to plaintiff that the check was payable on demand and thus negotiable. Plaintiff made a submissible case as to the first element of a fraud action.

Elsewhere in his brief, defendant asserts the check was in fact negotiable and thus he was not guilty of fraud for saying it was. As indicated above, a negotiable instrument contains a promise to pay. A promise is "an undertaking to pay and must be more than an acknowledgment of an obligation." § 400.3–102(1)(c), RSMo 1986. If there were insufficient funds in the account to cover the check, then the check would not represent an undertaking to pay the money. In other words, the check would not be negotiable and the rep-

resentation that the check was good would be false.

Plaintiff testified he deposited the check about one month after he received it but he was unable to collect on it. He also testified, without objection, that he gave the check to the prosecuting attorney's office for collection. Fraud cannot be presumed but it may be inferred and shown by circumstantial evidence. *Rogers v. Hickerson,* 716 S.W.2d 439, 446 [10] (Mo.App. 1986); *Rigby Corp. v. Boatmen's Bank & Trust Co.,* 713 S.W.2d 517, 540 [20] (Mo. App.1986). Thus, while plaintiff did not put on evidence to show the balance of the account, the evidence supports the inference that when plaintiff tried to cash the check the account contained insufficient funds.

That the account did not have sufficient funds to cover the check when plaintiff tried to collect on it, would not support the inference there were insufficient funds one month earlier unless plaintiff attempted collection within a reasonable time. Section 400.4–404, RSMo 1986, allows a bank to not honor a check "presented more than six months after its date ...”; taken in the inverse the bank is required to honor a check presented within six months unless its customer tells it to do otherwise. In determining what is a reasonable time in which to present a check the nature of the instrument, common practice and the facts of the case must be considered. *Maryland Casualty Co. v. Dobbin,* 232 Mo.App. 557, 108 S.W.2d 166, 173 [9] (1937). Historically, when banks were not insured and thus more likely to fail, the cases held that a reasonable time was the day after presentment. *Id.* at 174 [10]. In view of § 400.4–404 and modern practices, we now hold that the determination in this case was one for the jury and the finding by the jury that a month was a reasonable delay is not contrary to law. *See Bartleman v. Humphrey,* 441 S.W.2d 335, 346 [20] (Mo.1969) (whether a fourteen day delay was reasonable was a jury question). Thus, plaintiff made a submissible case that the representation was false.

Lastly, defendant asserts there was no evidence he knew there were not sufficient funds to cover the check. A fraud action only requires that defendant represented the check was good without knowing that to be true. *Weaver,* 631 S.W.2d at 83 [4]. If the representation that the check was good had been true the check would have been honored; it was not. Defendant as a person authorized to write checks on the account should have known the account balance; if he did not, then it was a misrepresentation to say the check was good. There is no evidence to support a hypothesis that defendant knew there was sufficient funds in the account when in fact there were not.

At the time defendant gave plaintiff the check and told plaintiff it was good, he not only represented it was good at that time, but that it would be good in a reasonable time thereafter. Defendant knew that plaintiff would be negotiating the check within a reasonable time, and that the account would have to contain sufficient funds to cover the check. The fact that there were insufficient funds a month or so later was sufficient evidence to take the case to the jury. Considering the relationship of the parties, plaintiff made a submissible case.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.