**ALL STAR AMUSEMENT, INC., Respondent,**

v.

**James M. JONES and M.R. Brand, Inc., Appellants.**

**No. WD 38722.**

Missouri Court of Appeals, Western District.

April 14, 1987.

Gregory O. Grounds, Ennis, Browne & Jensen, Kansas City, for appellants.

W. Dudley Leonard, Independence, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

PER CURIAM.

All Star Amusement, Inc. initiated this action for breach of contract and obtained a jury award of $39,150 in damages for lost profits. James M. Jones and M.R. Brand, Inc. contend All Star proved only a loss of gross profit but not net profit. Reversed and remanded.

This suit arose from the following set of circumstances: Jones, acting for M.R. Brand, entered into a three-year contract with All Star. Under the contract, All Star was granted the exclusive right to place coin-operated amusement, music and vending devices on the premises of a bar, known as The Point, owned by M.R. Brand. In return, The Point was to receive a percentage of the revenues generated by the devices. In accordance with the contract, All Star installed pool tables, video games, a pinball machine, juke box and cigarette machine at The Point. After a period of some eight months, Jones, dissatisfied due to equipment failures and service problems, terminated the contract and told All Star to remove its equipment from the premises.

Over a 30-week period while the agreement was in force, the various devices yielded average gross revenues of $675 per week. The contract provided that, for the first 26 weeks it was in effect, The Point would retain 60% of the revenues generated. For the remainder of the contract period the income from the devices was to be shared equally by the businesses. Therefore, testimony on All Star's behalf was that it could expect to receive average weekly revenues of $337.50 (50% of $675) for the remaining 116 weeks of the contract for a total of $39,150—the precise amount awarded by the jury.

Anticipated profits of an established business are recoverable "only when they are made reasonably certain by proof of actual facts, with present data for a rational estimate of their amount; ..." as shown by "proof of the income and expenses of the business for a reasonable time anterior to its interruption, with a consequent establishing of the net profits during the previous period." *Coonis v. Rogers,* 429 S.W.2d 709, 714 (Mo. 1968). In the case at bar, All Star's evidence, which establishes only the amount of average gross revenues while the contract was in effect, clearly fails to rise to this level. There was no evidence whatsoever of any offsetting expenses from which a net profit figure could be derived nor, although such is All Star's contention on appeal, was it shown that there would have been no appreciable costs of performance under the contract. *See Hanes v. Twin Gable Farm, Inc.,* 714 S.W.2d 667, 669 (Mo.App.1986) (the loss of profit for a lost calf crop was found to be the full market price the calves would have brought if sold at weaning time because there would have been no expenses incurred up until that point.)

The evidence here does not establish that All Star's costs of operating at The Point were negligible. Indeed, there was testimony that All Star invested approximately $20,000 in the equipment that was installed there and that numerous service calls for repairs and equipment replacements were required each week. As noted in *Coonis, supra* at 714, "[t]he cost and expense of operation, including depreciation (wear and tear), is a considerable item and in a suit for loss of profits is an essential item in the proof of damages."

All Star seeks to distinguish *Coonis* on the ground that that case dealt with the

complete loss of a business whereas here only a portion of its business was terminated. The record shows that at the time of the contract The Point was only one of some 35 locations serviced by All Star.[1] Although, as was held in *Orr v. Williams,* 379 S.W.2d 181, 190 (Mo.App.1964), it is not necessary to show the income and expenses of the entire business where only a portion thereof has been lost, it is still necessary to offset the expenses attributable to that portion from the revenues derived from such portion in order to reach a net profit amount which can be recovered in damages.

Here, a proportional amount of the fixed salaries paid to the repairmen and business managers must be attributed to the operations conducted at The Point, *see Rich v. Eastman Kosher Co.,* 583 F.2d 435, 437 (8th Cir.1978), in addition to any additional salary expense, such as overtime, which is directly related to that part of the business. Also, any actual expenses for repair (parts and outside labor), transportation, insurance, and supplies, along with depreciation on the equipment must enter into the calculation of net profits.

Insofar as All Star's evidence failed to establish anticipated net profits, the damage award cannot stand. Because the only error urged and found pertains only to damages, the finding on the issue of liability of Jones and Brand must stand and the cause should be retried on the issue of damages only. *Berry v. Federal Kemper Ins. Co.,* 621 S.W.2d 948, 954[22, 23] (Mo. App.1981).

The judgment is reversed and the cause remanded for retrial on the issue of damages only.