Stephen **HAAS** and Laura Haas,
Respondents/Cross–
Appellants,

v.

**TOWN AND COUNTRY MORTGAGE**
**COMPANY, Appellant/Cross–**
**Respondent.**

**Nos. 64880, 65231.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 8, 1994.

David S. Schmidt, Robert E. Morley & Associates, P.C., O'Fallon, for respondents/cross-appellants.

Julius Berg, Dennis Buchheit, Edward J. Hanlon, St. Louis, for appellant/cross-respondent.

CRANDALL, Judge.

Defendant, Town and Country Mortgage Company, appeals from the judgment of the trial court in favor of plaintiffs, Stephen and Laura Haas, entered pursuant to a jury verdict. The total judgment of $10,000.00 consisted of $5,000.00 for conversion and $5,000.00 for tortious interference with a business expectancy. Plaintiffs cross-appeal from the trial court's refusal to submit the issue of punitive damages to the jury. The judgment of the trial court in favor of plaintiffs on their actions for conversion and for tortious interference with a business expectancy is reversed. Plaintiffs' cross-appeal is denied.

Town and Country Mortgage Company (Town and Country) claims that plaintiffs failed to make a submissible case either for conversion or for tortious interference with a business expectancy. In deciding the issue of submissibility, we examine the evidence in the light most favorable to the verdicts, giving plaintiffs the benefit of all reasonable inferences. *Biermann v. Gus Shaffar Ford, Inc.*, 805 S.W.2d 314, 317 (Mo.App.1991).

Plaintiffs were in the business of renting property, which they frequently acquired at foreclosure sales. In April 1991, they learned of a foreclosure proceeding against property identified as 3 Wendy Lane in St. Charles County (property). A search of the records in the office of the Recorder of Deeds revealed the name of the property owner, the amount of the original loan, and the identity of the mortgagee as defendant, Town and Country. The amount of the original loan was approximately $61,000.00 and plaintiffs estimated that the property was worth about $65,000.00. The documents pertaining to the mortgage indicated that the loan was assumable.

Plaintiffs spoke with the record owner of the property and learned that the amount in

arrears on the mortgage, plus the attorney's fees associated with the pending foreclosure, equalled about $5,000.00. The owner agreed to turn over the property to plaintiffs in return for them paying $5,000.00 to Town and Country and assuming the balance of the loan.

Because the present owner had assumed the loan from the previous owner of the property, plaintiffs thought there were no specific qualifications to assume the loan. The deed of trust on the property indicated that the loan was a Missouri Housing Development Commission (MHDC) loan. In order to assume the loan, MHDC required the purchaser to be a first time buyer, to live in the property, and to qualify financially. It is undisputed that plaintiffs failed to satisfy any of the MHDC requirements.

Plaintiffs arranged for the same title company that handled other real estate closings for them to handle closing on the property. The title company obtained information, by way of facsimile, on the delinquent loan from Town and Country. The facsimile contained the notation, "Purchasers must meet investor requirements. Please contact [Town and Country] for further information." Plaintiffs never contacted Town and Country. Prior to closing, Town and Country also sent an assumption package to the title company. The assumption package contained information that the loan was a MHDC loan.

At the closing on April 12, 1991, plaintiffs did not read any of the documents, but relied on the title company to explain each document to them. Plaintiffs signed all of the documents presented to them. They gave $5,800.00 to the title company and the title company paid about $5,725.00 to Town and Country.

On April 19, 1991, Town and Country notified plaintiffs that after receiving the closing package back from the title company, it realized they did not meet the qualifications for the MHDC loan and were not eligible to assume the loan. In addition, MHDC regulations prohibited them from renting the property. Town and Country offered them three options: pay off the loan; sell the house; or deed the house to Town and Country.

Although the title company told plaintiffs to make the payments to Town and Country until the situation could be resolved, plaintiffs did not make the first payment due on June 1. In June 1991 and again in July 1991, Town and Country reported to credit bureaus that plaintiffs were delinquent in their mortgage payments in the amount of $4,969.00 and that foreclosure was pending. Plaintiffs subsequently were denied credit by five credit card companies and were required to pay 18 percent interest on a loan for an automobile.

On June 21, 1991, plaintiffs brought the present action against Town and Country. On July 11, 1991, plaintiffs deeded the property to Town and Country and received the sum of $4,791.73, the amount equal to the sum of money they paid to Town and Country minus the foreclosure expenses incurred by Town and Country.

The jury found in favor of plaintiffs. It awarded $5,000.00 on plaintiffs' conversion claim, because Town and Country initially refused to return the money. It also awarded $5,000.00 on plaintiffs' tortious interference with business relations claim, because Town and Country caused certain credit card companies to deny them credit.

■ In its first point, Town and Country claims the trial court erred in failing to grant its motion for judgment notwithstanding the verdict on plaintiffs' claim for conversion.

■ Conversion is the "unauthorized assumption of the rights of ownership over the personal property of another to the exclusion of the owner's rights." *Rehbein v. St. Louis Southwestern Ry. Co.*, 740 S.W.2d 181, 182–183 (Mo.App.1987) (quoting *Maples v. United Sav. and Loan Ass'n*, 686 S.W.2d 525, 527 (Mo.App.1985). A general debt will not give rise to a cause of action in conversion. *Hall v. W.L. Brady Investments, Inc.*, 684 S.W.2d 379, 384 (Mo.App.1984). Generally, an action for conversion lies only for a specific chattel which has been wrongfully converted, thus a claim for money may not be asserted in conversion. *Biermann v. Gus Shaffar Ford, Inc.*, 805 S.W.2d 314, 318 (Mo.App.1991). Conversion may lie, however, where funds

given into the custody of another for a specific purpose are diverted by the holder for other than such specified purpose. *Hall*, 684 S.W.2d at 384.

This case does not fall within the exception that allows conversion to lie for money. Plaintiffs handed over the money, not to Town and Country, but to the title company. The title company kept some of the funds to cover the costs of closing and then forwarded the remainder of the money to Town and Country. Thus, the money was not given into the custody of Town and Country for a specific purpose from which it was diverted.

■ Moreover, there is no evidence that Town and Country wrongfully assumed and exercised control over the money. At closing, plaintiffs signed documents indicating that they fulfilled the conditions for assuming the loan, when in fact they did not. In return for the money, plaintiffs received title to the property. When plaintiffs discovered that they were unable to assume the loan, they made demand upon Town and Country to return the money. In essence, plaintiffs sought rescission of the agreement with Town and Country. Rescission of a contract involves restoration of the status quo of the parties, unless the parties have agreed otherwise. *Dilts v. Lynch*, 655 S.W.2d 118, 121 (Mo.App.1983). There was no duty on Town and Country to refund the money unless plaintiffs also tendered title to the property. In July 1991, plaintiffs received from Town and Country $4,791.73, in return for their conveying the property to Town and Country. Town and Country, therefore, did not wrongfully retain possession of the money until such time that it received title to the property.

Town and Country did refuse to return that portion of the money which related to the foreclosure costs. Town and Country's withholding of that money, however, was not wrongful and did not constitute conversion. Town and Country incurred expenses associated with the foreclosure and such expenses are recoverable at foreclosure. As a result of plaintiffs' assurances that they were eligible to assume the loan, Town and Country ceased the foreclosure proceedings. Plaintiffs' actions thus prevented Town and Country from recovering their expenses. Plaintiffs were not entitled to a return of the money Town and Country applied to the foreclosure costs.

Plaintiffs did not make a submissible case in conversion of the money given to Town and Country. The trial court erred when it refused to grant judgment notwithstanding the verdict in favor of Town and Country. Town and Country's first point is granted.

■ Town and Country next contends the trial court erred in failing to grant its motion for judgment notwithstanding the verdict on plaintiffs' claim for tortious interference with a business expectancy. This claim was based upon Town and Country's reporting to credit agencies that plaintiffs were delinquent in payments on the loan for the property. Plaintiffs contended that as a result of Town and Country's actions, they were denied credit by certain specified credit card companies and were required to pay 18 percent interest on an automobile loan.

■ A claim for tortious interference with a contract or business expectancy requires proof of each of the following: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct. *Luketich v. Goedecke, Wood & Co., Inc.*, 835 S.W.2d 504, 508 (Mo.App. E.D.1992).

Here, the only evidence to support plaintiffs' tortious interference claim was the testimony of plaintiff, Stephen Haas. He testified that sometime after Town and Country reported the delinquent payments to the credit reporting services, plaintiffs were denied credit and were charged a high interest rate on a car loan. There is no evidence in the record that at the time Town and Country issued the credit reports that plaintiffs had established a business relationship either with any of the credit card companies which denied them coverage or with the lender of the car loan. Plaintiffs' mere hope of establishing a business relationship with the companies was tenuous and did not evince the

existence of a valid business relationship or expectancy. Plaintiffs failed to prove one of the elements of tortious interference with a business expectancy, and thus failed to make a submissible case on that claim. Town and Country's second point is granted.

 In plaintiffs' cross-appeal, they allege the trial court erred in refusing to submit the issue of punitive damages to the jury either on their conversion claim or on their tortious interference claim. Because plaintiffs were not entitled to recover actual damages on their claims, their claim for punitive damages must also fail. In the absence of evidence of actual damages, there can be no punitive damages. *McCall v. Jim Lynch Cadillac, Inc.*, 791 S.W.2d 456, 459 (Mo.App.1990). Plaintiffs' point on appeal is denied.

The judgment of the trial court in favor of plaintiffs on their actions for conversion and for tortious interference with a business expectancy is reversed. Plaintiffs' cross-appeal is denied.

CRANE, P.J., and DOWD, J., concur.