**GESELLSCHAFT FÜR GERATEBAU, Plaintiff/Appellant,**

v.

**GFG AMERICA GAS DETECTION, LTD., Defendant/Respondent.**

**No. 70630.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Application for Transfer Denied
June 16, 1998.

Lawrence B. Wittels, Clayton, for plaintiff/appellant.

Thompson Coburn, Norbert Glassl, Jeffrey H. Kass, St. Louis, for defendant/respondent.

PUDLOWSKI, Judge.

Gesellschaft für Geratebau (Gesellschaft), a German corporation, appeals the judgment for damages awarded to respondent, Gesellschaft für Geratebau Gas Detection, Ltd., (GfG America), a Missouri corporation. Gesellschaft alleges the trial court erred in denying its motion for directed verdict or judgment notwithstanding the verdict because GfG America failed to prove damages and causation in its tortious interference claim. Gesellschaft also contends other trial errors. Because we decide GfG America failed to establish sufficient proof of lost profits, we need not address other alleged errors. We affirm the trial court's judgment pertaining to causation and reverse the judgment as to damages.

## I. Standard of Review

■ A directed verdict or a judgment notwithstanding the verdict is a drastic action, and it should only be granted when reasonable persons could not differ on a correct disposition of the case. *Seidel v. Gordon A. Gundaker Real Estate Co.*, 904 S.W.2d 357, 361 (Mo.App. E.D.1995). During review, we view the evidence in the light most favorable to the verdict. *Duren v. Kunkel*, 814 S.W.2d 935, 936 (Mo. banc 1991). Unless there is a complete lack of evidence to support it, a jury verdict will not be overturned. *Miller v. Gillespie*, 853 S.W.2d 342, 344 (Mo.App. E.D.1993).

## II. Background

In October 1987, GfG America, represented by Christine Bierman (Bierman), and Gesellschaft entered into an exclusive distributorship agreement for the sale and distribution of Gesellschaft gas detection devices in North America. The record reveals that Bierman is a successful salesperson and marketeer in that field. She became interested in Gesellschaft's products and entered into an agreement to exclusively represent Gesellschaft in the United States, Canada, and Mexico as the sole distributor. Bierman incorporated GfG and was the principal shareholder and president.

However, GfG America and Gesellschaft did not have a good relationship. Gesellschaft complained of poor American sales performance while GfG America was frustrated by maintenance and quality problems. Bierman began negotiations to end her relationship with Gesellschaft. In August 1990, a letter from Gesellschaft terminated GfG America's distributorship.

Gesellschaft commenced this lawsuit against GfG America in St. Louis County Circuit Court on February 18, 1994 seeking to recover approximately 145,325 Deutsche Marks for goods sold. GfG America counterclaimed alleging, inter alia, that Gesellschaft tortiously interfered with GfG America's business contracts and relationships with its customers.

After considerable delays, the trial court imposed sanctions on Gesellschaft for failing to participate in discovery in a timely fashion. Pursuant to Supreme Court Rule 61.01, the trial court entered a default judgment against Gesellschaft and in favor of GfG America on the causation claim for tortious interference with business relationships and contracts allegation.[1] Trial was held solely to determine the damages to GfG America. The trial court restricted Gesellschaft to cross-examination of GfG America's witnesses, and Gesellschaft was not allowed to present its own evidence.

At trial, GfG America attempted to demonstrate the extent to which Gesellschaft's interference with its business reduced actual profits. It presented a document in which Bierman projected GfG America's losses

---

1. All other claims and counterclaims between the two parties were dismissed prior to trial, and are not part of this appeal.

based upon anticipated sales, revenues, expenses and net profit.

Gesellschaft contends that GfG America did not meet the substantial burden of proof required to prove anticipated profits of a commercial business and managed to prove only speculative profits. We agree.

■ In proving anticipated profits of a commercial business, long standing law is that Missouri appellate courts make:

> stringent requirements, refusing to permit speculation as to probable or expected profits, and requiring a substantial basis for such award [citations omitted]. "The general rule is that recovery of anticipated profits of a commercial business is that they are too remote, speculative and too dependent upon changing circumstances to warrant a judgment for their recovery" [citations omitted].

*Coonis v. Rogers*, 429 S.W.2d 709, 714 (Mo. 1968); *see also Lowder v. Missouri Baptist College*, 752 S.W.2d 425, 428 (Mo.App. E.D. 1988). The only exception to the general rule is where the anticipated profits are made certain by actual facts, "with present data for a rational estimate of their amount." *Orchard Container Corp. v. Orchard*, 601 S.W.2d 299, 305 (Mo.App. E.D.1980). For an established business, anticipated profits might be recovered if the plaintiff makes it reasonably certain by *competent* proof of the amount of profits. *Anderson v. Abernathy*, 339 S.W.2d 817, 824 (Mo.1960); *Brown v. McIbs, Inc.*, 722 S.W.2d 337, 341 (Mo.App. E.D.1986). Such facts consist of income and expenses of the business for a reasonable time anterior to its interruption, with a subsequent establishment of net profits during the previous period. Such facts are indispensable. *Id.*

■ The documentary evidence presented by GfG America was its 1988 and 1989 profit and loss statements, a projected income statement for the years 1988 thru 1991, and a projected income document for the years 1991 thru 2001. Its oral evidence consisted of the testimony of Bierman and her accountant, Hoffman.[2] The jury awarded

GfG America $100,000 in damages and $750,-000 in punitive damages.

GfG America's 1988 profit and loss statement revealed a loss of $3,757 and an inferred loss of $70,000 in 1989.[3] Bierman acknowledged her company lost money in 1989. The other two exhibits were two "projected income statements." The first projected income statement was prepared by Bierman in 1987 to present to a bank when applying for a loan. It projected anticipated sales, revenues, expenses and net income for the years 1988, 1989, 1990 and 1991. The second document was prepared by her accountant based upon the figures Bierman prepared in the first document.

The statements are admittedly projections that were calculated on neither any actual sales nor revenue. Bierman asserted that she was "just guessing" and that the projections were "expectations" based on her experience in the industry. Both Bierman and the accountant admitted that the numbers contained in the projections were not "real." The accountant also acknowledged that he did not examine, study or research any of the assumptions made by Bierman's projections nor did he compare the projection numbers with similar companies in the United States or other countries.

Both projections of net income for 1988 and 1989 are inaccurate compared with actual figures from the profit and loss statements. The sales, gross profits and net income are not consistent. Yet, the accountant and Bierman relied on the 1988 and 1989 projected numbers to pyramid the succeeding numbers on their projected statements. Obviously, there are no "actual facts" of profits to constitute competent proof that GfG America would have had a profit in the future. *Coonis*, 429 S.W.2d at 714. The testimony and exhibits did not constitute the best evidence. *Meridian Enterprises Corp. v. KCBS, Inc.*, 910 S.W.2d 329, 332 (Mo.App. E.D.1995).

■ To buttress GfG America projections as valid, it submitted a 1990 letter from

---

2. Hoffman became Bierman's accountant in "roughly 1989 or 1990."

3. Neither profit or loss statement exhibits were provided to this court.

Gesellschaft's representative to its president asserting that $2,500,000 in sales and a 10% profit could be attainable by GfG America in three years. The assertion was made by Gleason, a former dismissed GfG America salesman. GfG America contends that Gleason's statement establishes the accuracy and validity of Bierman's and Hoffman's projected figures and the statement is attributed to Gesellschaft. We question the admissibility of such statement. Gleason is not a party to this cause of action nor an employee of Gesellschaft when he opined his estimation. Further, there is not a foundation as to his experience or expertise in the administration and operation of this business or of any comparable business. Such statement cannot be attributed to Gesellschaft nor be considered competent evidence to support GfG America's position.

The trial court erred in not directing a verdict and for failing to grant a judgment notwithstanding the verdict because GfG America failed to present sufficient evidence to prove damages of lost profits from an existing commercial business. Additionally, GfG America's claim for punitive damages fails. Where there is no evidence of actual damages, a party is not entitled to punitive damages. *Haas v. Town and Country Mortgage Co.*, 886 S.W.2d 225, 229 (Mo.App. E.D. 1994).

We affirm the judgment as to causation and reverse the judgment for actual damages and punitive damages.

GRIMM, P.J., and GARY M. GAERTNER, JJ., concur.