Delores SKINNER and Delvia Skinner,
Plaintiffs/Respondents,

v.

Robert THOMAS, Defendant/Appellant.

No. 73245.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 10, 1998.

Rehearing Denied Jan. 6, 1999.

John E. Toma, Jr., Newman, Goldfar, Freyman & Klein, P.C., St. Louis, for appellant.

Dorian Amon, St. Louis, for respondents.

CRANE, Judge.

Plaintiffs, partners in a restaurant and lounge business with defendant, filed an action against defendant which was entitled "breach of contract," but which actually prayed for an accounting and other equitable relief in connection with the parties' agreement to equally share profits. However, the case was submitted to the jury as a breach of contract to share profits. Defendant appeals from a judgment entered on a jury verdict in plaintiffs' favor, in which plaintiffs were awarded $30,000.00 in damages. For his sole point on appeal, defendant asserts that the trial court erred in not granting his post-trial motions for new trial or judgment notwithstanding the verdict because plaintiffs failed to make a submissible case that the restaurant and lounge had profits. We reverse on the grounds that the trial court erred in denying the motion for judgment notwithstanding the verdict because, if plaintiffs had a cause of action for breach of contract, plaintiffs failed to make a submissible case.

Plaintiffs, Delores and Delvia Skinner, entered into a written contract with defendant, Robert Thomas, on March 29, 1991 in which defendant agreed to convey one-half interest in Phil and Bob's Restaurant and Lounge (restaurant and lounge) to the plaintiffs in exchange for a $15,000 investment. The parties agreed to share the profits and expenses from the restaurant and lounge equally, to make all decisions concerning the restaurant and lounge jointly where possible, to fully disclose all information to the other party, and to do whatever necessary to keep the other informed. Plaintiffs began running the kitchen operation of the restaurant and lounge a few months later. Problems developed between the parties, and defendant

closed the restaurant and lounge in 1993. Plaintiffs filed this action requesting that defendant be required to account for all profits, wages, and expenses, to recover their investment, and for other relief.

In their amended petition plaintiffs alleged the existence and terms of the written contract. They further alleged that defendant acted as manager of the restaurant and they operated the food service for the restaurant. They alleged that they were entitled to an undivided one-half share of the profits of the restaurant, that they had demanded an accounting of the revenue and expenses of the restaurant, that defendant never allowed them access to the records or provided an accounting. They further asserted that the restaurant was closed and they have never received any profits or a return of their investment.

After being assigned to a civil court docket, the case was tried to a jury. At trial plaintiffs adduced testimony from their daughter, who had managed the restaurant and lounge both before and after plaintiffs had obtained their one-half interest therein. She estimated that the business, open Thursday through Sunday nights, took in about $5,000.00 a week. In addition, defendant collected a $3.00 cover charge at the door. She testified that defendant gave her money to pay herself, the bartenders, waitresses, and distributors. She estimated that approximately $3,200.00 per week remained after subtracting the amount of these payments from the amount of the receipts she collected.[1] Neither plaintiffs nor their daughter testified about expenses other than those paid to the bartenders and waitresses and to the beer and liquor distributors. They testified that although they had requested the books and records of the operation, defendant had never shown them to them. Plaintiffs requested that the jury award them fifty percent of $3,200.00 per week for the two and one-half years that the restaurant was open. Plaintiff Delores Skinner testified that this amount would be about $30,000.00.[2] The case was submitted to the jury as a breach of a contract to pay fifty percent of profits and the jury awarded plaintiffs $30,000.00.

Defendant argues that the trial court erred in denying his motion for judgment notwithstanding the verdict because plaintiffs did not submit sufficient evidence of revenue, costs, overhead, rents, and other expenses to make a submissible case that the restaurant had profits which could be recovered.

Our standard of review in considering the denial of a motion for a judgment notwithstanding the verdict is well-settled:

> A motion for judgment n.o.v. presents the same issue as a motion for a directed verdict at the close of all of the evidence: whether plaintiff made a submissible case. *Wells v. Orthwein*, 670 S.W.2d 529, 532 (Mo.App.1984). A case is not to be submitted to the jury unless each and every fact essential to liability is predicated upon legal and substantial evidence. *Dildine v. Frichtel*, 890 S.W.2d 683, 685 (Mo.App. 1994). "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of facts can reasonably decide a case." *Id.* (quoting *Hurlock v. Park Lane Medical Ctr., Inc.*, 709 S.W.2d 872, 880 (Mo.App.1985)). The questions of whether evidence in a case is substantial and whether inferences drawn are reasonable are questions of law. *Id.*

> To determine whether a plaintiff has made a submissible case, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. *Id.* We will not overturn a jury verdict unless there is a complete absence of probative facts to support it. *Id.* However, we do not supply missing evidence or give a plaintiff the benefit of unreasonable, speculative, or forced inferences. *Id.* The evidence and inferences must establish every element and not leave any issue to speculation. *Id.*

---

1. This testimony does not cover the restaurant operations. The restaurant grossed $125.00 per night which plaintiffs, who handled the restaurant operations, collected and used to purchase food and supplies.

2. A miscalculation, but the only total amount in evidence.

*Kimbrough v. J.R.J. Real Estate Investments, Inc.*, 932 S.W.2d 888, 889 (Mo.App. 1996).

Missouri courts have defined "profit" as "the benefit of or the advantage remaining after all costs, charges and expenses have been deducted from income." *Labor Discount Ct., Inc. v. State Bank & Trust Co.*, 526 S.W.2d 407, 424 (Mo.App.1975); *Sidney Smith, Inc. v. Steinberg*, 316 S.W.2d 243, 255 (Mo.App.1958). Thus, calculation of a business's profits requires that all items of income and expense be considered.

■ In tort cases seeking damages for lost anticipated projects, a plaintiff must produce evidence which provides an adequate basis for estimating lost profits with reasonable certainty. *Meridian Enterprises Corp. v. KCBS, Inc.*, 910 S.W.2d 329 (Mo.App.1995). In such a case, a plaintiff fails to make a submissible case of damages if plaintiff does not introduce evidence of overhead expenses such as mortgage or rent, utilities, and salaries attributable to the business producing the income. *Id.* at 332. Assuming, *arguendo*, that there is a cause of action in this case, plaintiffs had the burden of proving past actual profits. As in a case where a plaintiff has the burden to prove estimated future profits, plaintiffs' failure to produce evidence of overhead expenses prevents them from making a submissible case.

■ Here plaintiffs' own evidence disclosed that the restaurant and lounge was located in a building which had a kitchen, a bar, and an area which seated 250–300 people at tables and chairs. The business had a juke box and brought in disc jockeys and bands. An accountant performed services for the operation. All these facts indicate that the business had overhead expenses for rent or mortgage, utilities, fixtures, personal property, contract services, and entertainment. Plaintiffs did not adduce evidence of any of these overhead expenses and did not make or submit to the jury a calculation of profits based on all items of income and expense. Under these circumstances, plaintiffs failed to make a submissible case under the theory submitted to the jury.

■ Plaintiffs argue that they could not obtain this evidence. We have two observations. First, the civil rules provide for discovery, enforcement of discovery, and sanctions as a means for obtaining evidence in an opponent's possession. Second, an accounting would have provided a reliable calculation of profits. As a general rule an action at law between partners on partnership transactions will not lie until an accounting has been had which strikes a balance. *Warren v. Warren*, 784 S.W.2d 247, 252 (Mo.App.1989); *Kolb v. Dietz*, 454 S.W.2d 632, 636 (Mo.App. 1970); *Koontz v. Whitaker*, 111 S.W.2d 197, 199 (Mo.App.1937). *See also* 59A Am.Jur.2d *Partnership* Section 542 (1987); 68 C.J.S. *Partnership* Section 110 (1950). The record does not reflect why plaintiffs submitted this case to the jury as a breach of contract and why they did not proceed with an accounting as pleaded and prayed for in their amended petition. *See e.g. Arnold v. Erkmann*, 934 S.W.2d 621, 630–31 (Mo.App.1996). Defendant has not raised any error in this regard. Accordingly, we have not considered whether plaintiffs had a cause of action for breach of contract under the pleadings and the evidence. However, even if they had a cause of action and the case fell within an exception to the rule requiring an accounting, in order to recover a percentage of past profits, plaintiffs' proof of profits must rise to the same level of reliability that an accounting would have provided and, as previously stated, to at least the same level of certainty required in cases seeking lost anticipated profits.

The judgment of the trial court is reversed.

SIMON, P.J., and MOONEY, J., concur.