**BOTANICALS ON THE PARK, INC., Respondent,**

v.

**MICROCODE CORPORATION, Appellant.**

**No. ED 75049.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 5, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied. Dec. 1, 1999.

Application for Transfer Denied Jan. 25, 2000.

Peter T. Sadowski, S. Francis Baldwin, St. Louis, for appellant.

James R. Keller, Bryan C. Bacon, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Microcode Corporation (Microcode) appeals from the judgment in a civil action for fraud in favor of Botanicals on the Park, Inc. (Botanicals) in the principal amount of $59,645, together with prejudgment interest and costs. Microcode argues the trial court erred (1) in denying directed verdicts in favor of Microcode because Botanicals failed to prove the requisite knowledge to establish fraud; (2) in submitting its fraud instruction to the jury; and (3) in entering judgment in the principal amount of $59,645, because the evidence does not support that amount. We affirm.

We view the facts in the light most favorable to the jury verdict. Botanicals, a retail flowers and household gifts store, entered into an agreement to purchase a software product called "Micro Florist" from Microcode. Botanicals purchased the software in reliance on a statement in Microcode's advertisement which stated, "Micro Florist is fully compatible with Windows 95." During a telephone conversation, Microcode further represented to Botanicals that the Micro Florist software was fully compatible with Windows 95 and could be utilized from multiple workstations simultaneously using Windows 95 with the capacity for high volume floral shops like Botanicals.

Botanicals spent a total of $59,645 in the purchase of the software and various installation expenses, including $32,648 on the purchase of new computer hardware. The hardware purchased from Cedar Computers was based on equipment specifications from Microcode. The hardware was installed into a network configuration, which allowed the computers to pass information between stations. The network and computers worked with Windows 95 prior to the installation of the Micro Florist software. After installation of Micro Florist, the system would not work with Windows 95. In addition, the system experienced "crashes" which would not allow employees to complete sales transactions through the system.

Botanicals filed suit against Microcode for fraudulent misrepresentation. Microcode moved for a directed verdict at the close of Botanicals' evidence, and again after the close of all the evidence. The trial court denied both motions. After the trial by jury and its verdict of $59,645, the trial court entered judgment in favor of Botanicals in the amount of $72,617, which included the principal amount of $59,645 and $12,972 in prejudgment interest. The trial court denied Microcode's post-trial motions for judgment notwithstanding the verdict, or in the alternatives, new trial or remittitur. This appeal follows.

■ In its first point, Microcode argues the trial court erred in denying its motions for directed verdict because Botanicals failed to prove the requisite knowledge to establish fraud. Microcode specifically contends Botanicals failed to prove Microcode's "consciousness that it was without knowledge as to the truth or falsity of its representation." [1]

■ In reviewing the denial of a motion for directed verdict, we view the evidence and all reasonable inferences therefrom in the light most favorable to the jury's verdict, disregarding all evidence and inferences to the contrary. *Skinner v. Thomas,* 982 S.W.2d 698, 699 (Mo.App. E.D.1998). A jury verdict will not be overturned unless there is a complete absence

---

1. We remind Appellant of the rules regarding the content of briefs. Rule 84.04(c) requires the statement of facts to be "a fair and concise statement of the facts" relevant to the issues presented for review. Further, the argument must contain a concise statement of the applicable standard of review for each claim of error under Rule 84.04(e). Moreover, Appellant is required to cite all precedent whether favorable or unfavorable to the claim of error. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978).

of probative facts to support the verdict. *Id.*

For Botanicals to make a submissible case for fraudulent misrepresentation, substantial evidence is required for each fact essential to liability. *Blanke v. Hendrickson,* 944 S.W.2d 943, 944 (Mo. App. E.D.1997). Substantial evidence is evidence which, if true, has probative force upon the issues and from which the trier of facts can reasonably decide a case. *Id.* The questions of whether evidence in a case is substantial and whether the inferences drawn are reasonable are questions of law. *Id.*

To recover for fraud, a plaintiff must prove: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) the speaker's intent that the statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) the hearer's reliance on the truth of the statement; (8) the hearer's right to rely on the statement; and (9) the hearer's consequent and proximate injuries. *Cabinet Distributors, Inc. v. Redmond,* 965 S.W.2d 309, 312 (Mo.App. E.D.1998). The key element Appellant disputes in this case is whether Microcode knew the representations to Botanicals were false or was ignorant of the truth when the representations were made.

Fraud is never presumed and when fraud is alleged, the burden of proof as to each element falls upon the party asserting the fraud. *Blanke,* 944 S.W.2d at 944. Failure to prove any of the requisite elements is fatal to a claim for fraud. *Id.* The truth or falsity of the representation is determined as of the time it was made and as of the time it was intended to be relied and acted upon. *Id.* Because fraud is rarely susceptible of direct proof, it may be proved by circumstantial evidence. *Cabinet Distributors, Inc.,* 965 S.W.2d at 312.

Under our standard of review, we find substantial evidence to support the jury's verdict. The president of Botanicals testified Microcode represented that Micro Florist was compatible with Windows 95 without any qualifications or disclosure of risks. Microcode's interrogatory answers read to the jury stated that any representations would not have been made without substantial qualifications. Botanicals expert witness, Cliff Blake (Blake), testified that, in his expert opinion, Micro Florist was not ready for release as a Windows 95 product at the time Botanicals entered into the purchase agreement with Microcode. Blake testified the Micro Florist software was still a test product at the time of the representations to Botanicals. He further testified Microcode failed to exercise reasonable care in representing to Botanicals that Micro Florist was fully compatible with Windows 95. Blake further opined that Microcode had not tested the Micro Florist software on enough equipment at the time of its representation to Botanicals. From this testimony, the jury could have inferred Microcode either knew its representations were false or was ignorant of the truth because of insufficient testing.

We find Botanicals produced substantial evidence to show that Microcode did not know whether the representations were true or false at the time they were made, thereby making a submissible case for fraudulent misrepresentation. Therefore, the trial court did not err in denying Microcode's motions for directed verdict. Point denied.

In its second point, Microcode argues the trial court erred in its instruction for the jury. Although the instructions follow the form of MAI 23.05, Microcode contends the instruction does not properly set forth the element of scienter. Microcode specifically objected to the instructions at the instruction conference and again in its motion for new trial. The instructions given by the court follow:

### INSTRUCTION NO. 6

Your verdict must be for plaintiff on plaintiff's claim for fraudulent misrepresentation if you believe:

First, defendant represented to plaintiff that the Micro Florist software was fully compatible with Windows–95, intending that plaintiff rely upon such representation in entering into a purchase agreement with defendant, and

Second, the representation was false, and

Third, defendant did not know whether the representation was true or false, and

Fourth, the representation was material to plaintiff in entering into a purchase agreement with defendant, and

Fifth, plaintiff relied on the representation in entering into a purchase agreement and in so relying plaintiff used that degree of care that would have been reasonable in plaintiff's situation, and

Sixth, as a direct result of such representation the plaintiff was damaged.

## INSTRUCTION NO. 7

Your verdict must be for plaintiff on plaintiff's claim for fraudulent misrepresentation if you believe:

First, defendant represented to plaintiff that the Micro Florist software could be utilized from multiple work stations simultaneously using Windows–95, intending that plaintiff rely on such representation in entering into a purchase agreement with defendant, and

Second, the representation was false, and

Third, defendant did not know whether the representation was true or false, and

Fourth, the representation was material to plaintiff in entering into a purchase agreement with defendant, and

Fifth, plaintiff relied on the representation in entering into a purchase agreement and in so relying plaintiff used that degree of care that would have been reasonable in plaintiff's situation, and

Sixth, as a direct result of such representation the plaintiff was damaged.

## INSTRUCTION NO. 8

Your verdict must be for plaintiff on plaintiff's claim for fraudulent misrepresentation if you believe:

First, defendant represented to plaintiff that the Micro Florist software using Windows–95 had the capacity for a high volume floral shop such as plaintiff, intending that plaintiff rely upon such representation in entering into a purchase agreement with defendant, and

Second, the representation was false, and

Third, defendant did not know whether the representation was true or false, and

Fourth, the representation was material to plaintiff in entering into a purchase agreement with defendant, and

Fifth, plaintiff relied on the representation in entering into a purchase agreement and in so relying plaintiff used that degree of care that would have been reasonable in plaintiff's situation, and

Sixth, as a direct result of such representation the plaintiff was damaged.

Microcode contends the language "defendant did not know whether the representation was true or false" misstates the law of fraudulent misrepresentation. Microcode argues the instruction should have contained language to the effect that defendant made the representations with consciousness that he was without knowledge as to its truth or falsity. Microcode argues that because *Wilson v. Murch*, 354 S.W.2d 332, 338–39 (Mo.App.1962) holds it sufficient that the speaker "made the representations with the consciousness that he was without knowledge as to their truth or falsity," the instruction given misstated the law and Botanicals was obliged to adduce evidence of such consciousness.

■ MAI instructions, promulgated and approved by the Supreme Court, are authoritative and must be given if applicable to the factual situation and there is no dispute of the applicability of MAI 23.05 to this factual situation. Rule 70.02(b). Further, this court, as was the trial court, is bound by the MAI instructions as with all Supreme Court rules and cases.

Moreover, as Botanicals points out in its brief, the Western and Southern Districts of this Court have decided the exact issue Microcode is arguing. *Lindsay v. McMilian*, 649 S.W.2d 491 (Mo.App. W.D.1983); *Maples v. Charles Burt Realtor, Inc.*, 690 S.W.2d 202 (Mo.App. S.D.1985). In *Lindsay*, the exact language in MAI 23.05 was challenged as a misstatement of the law. *Lindsay*, 649 S.W.2d at 493. The Western District Court stated:

> We do not agree with defendant that the criticized language is a "misstatement of the law." We conclude that the language was deliberately used and deliberately retained in the instruction first by the Committee, then by the Supreme Court. They had before them, and quote in the Committee's comment on MAI 23.05, the very language in *Wilson v. Murch*, supra, which the defendant said should have been used in the pattern instruction in lieu of the language which was used.... It is therefore clear that the Supreme Court has considered and rejected the language for which defendant contends. It is not necessary for us to justify the decision of the Supreme Court and its instruction committee, but evidently they believed that it would be drawing it out too fine to require a finding of another level of knowledge on the part of the speaker. When the instruction says, "defendant did not know whether the representation was true or false," it is implied, without requiring a specific finding to that effect, that the defendant knew he did not know. See *Brown v. Bryan*, 419 S.W.2d 62, 67 (Mo.1967).

*Lindsay*, 649 S.W.2d at 494. In *Maples*, the Southern District cited the exact language from *Lindsay* in addressing the identical issue. *Maples*, 690 S.W.2d at 211. Like the court in *Lindsay*, the *Maples* court held the instruction did not misstate the law and denied defendant's point. We see no reason to deviate from the precedent set by our fellow districts. The instructions following MAI 23.05 did not misstate the law and Microcode's point is denied.

■ In its third and final point, Microcode argues the trial court erred in entering judgment in the principal amount of $59,645, together with prejudgment interest because the evidence does not support that amount; and therefore, Microcode is entitled to a new trial, or in the alternative, to remittitur.

■ The trial court has broad discretion in ordering remittitur, and its decision whether or not to reduce damages will not be disturbed on appeal absent an abuse of discretion "so grossly excessive that it shocks the conscience and convinces this court that both the trial judge and the jury have abused their discretion." *King v. Unidynamics Corp.*, 943 S.W.2d 262, 268 (Mo.App. E.D.1997). In reviewing whether a verdict is excessive, we are "limited to a consideration of the evidence which supports the verdict excluding that which disaffirms it." *Wright v. Fox–Stanley Photo Products, Inc.*, 639 S.W.2d 407, 410 (Mo.App. E.D.1982); *Smith v. Wal–Mart Stores, Inc.*, 967 S.W.2d 198, 208 (Mo.App. E.D.1998).

Here, Botanicals presented evidence of and asked the jury to award damages totaling $59,645. Botanicals presented evidence of the breakdown of that amount as follows: (1) $16,422 for the amount Botanicals paid for Micro Florist; (2) $3,947 to Florist System Corporation and Kurt Carter to install Micro Florist; (3) $832 for Kurt Carter's travel expenses to and from St. Louis; (4) $5,675 for the installation of its network; (5) $121 for long distance calls to Microcode in its effort to get the

system up and running; and (6) $32,648 for the hardware equipment purchased from Cedar Computers.

Microcode contends it is entitled to remittitur because Botanicals continued to use some of the hardware purchased initially. However, evidence at trial showed that Botanicals was only able to use "bits and pieces" of the hardware. Further, the re-used hardware had to be updated. Evidence showed Botanicals spent approximately $20,000 to re-configure and upgrade the bits and pieces of re-used hardware.

Under these circumstances, we cannot say that the jury award of $59,645 was so grossly excessive as to shock the conscience or that the jury and the trial court abused their discretion. Point denied.

Judgment affirmed.[2]

CRANE, P.J., and SULLIVAN, J., concur.

---

**2.** We deny Botanicals' motion for sanctions against Microcode for violations of Rules 55.03(b), 84.04(c) and (e), and 84.19.