**COTTONHILL INVESTMENT COMPANY, a corporation, Plaintiff–Respondent,**

v.

**BOATMEN'S NATIONAL BANK OF CAPE GIRARDEAU, a national banking corporation, Defendant–Appellant.**

No. 19516.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 23, 1994.

Application to Transfer Denied
Dec. 20, 1994.

H. Max Hilfiker, Inga Hilfiker Ladd, Hilfiker & Ladd, of Malden, for plaintiff-respondent.

A.M. Spradling, III, Spradling & Spradling, of Cape Girardeau, for defendant-appellant.

PREWITT, Judge.

Plaintiff filed a "Petition to Recover Funds and to Rescind a Deed on the Grounds of Fraudulent Representations". Following nonjury trial the trial court granted plaintiff the relief sought. Defendant appeals.

■ Review of this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Ross Farms, Inc. v. Moore,* 873 S.W.2d 308, 309 (Mo.App.1994). On appellate review of a case tried without a jury "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2).

■ Defendant contends that the trial court found for plaintiff on a theory not presented or tried and on which evidence was lacking. The trial court determined "that by reason of mutual mistake of the parties as to ownership of certain equipment described in the evidence, and purported to be conveyed by Defendant to Plaintiff, a substantially total failure of consideration occurred." Defendant asserts that "mutual mistake" was not pleaded or tried. For the basis of that theory see *UT Communications Credit v. Resort Dev.,* 861 S.W.2d 699, 707 (Mo.App.1993); *Paul's Rod & Bearing, Ltd. v. Kelly,* 847 S.W.2d 68, 72 (Mo.App.1991).

■ Generally, where the ruling of the trial court is correct, the reason is immaterial. *Boswell v. American Ins. Co.,* 835 S.W.2d 454, 460 (Mo.App.1992). That rule, however, is tempered by the judgment being "correct upon any legal theory consistent with the pleadings". *Morris v. Western Casualty and Surety Co.,* 421 S.W.2d 19, 21 (Mo.App.1967). The trial court's authority is limited to such questions as are presented by the parties in their pleadings. *UT Communications,* 861 S.W.2d at 707; *Buchanan v. Mitchell,* 785 S.W.2d 317, 318 (Mo.App. 1990).[1]

■ Plaintiff asserts that the pleadings and evidence supported the trial court's decision and the general prayer for relief in plaintiff's petition authorized the court to find as it did. A general prayer does not allow the court to proceed on any theory. "A general prayer for relief permits the balancing of all the equities that are within the scope of the pleadings and the evidence." *Niederkorn v. Niederkorn,* 616 S.W.2d 529,

---

1. Plaintiff does not contend that mutual mistake was tried by express or implied consent under Rule 55.33(b). *See Lester v. Sayles,* 850 S.W.2d 858, 869 (Mo. banc 1993).

533 (Mo.App.1981). Plaintiff got the specific relief requested, rescission.

■ As plaintiff asserts, the character of a cause of action is determined by the facts stated in the petition and not by the prayer or name given the action. *Farmer's Mutual Fire Ins. Co. v. Farmer*, 795 S.W.2d 104, 107 (Mo.App.1990). Plaintiff's petition, however, does not allege that defendant believed it owned all of the equipment which it purported to sell. There was some evidence indicating this, but as earlier noted, plaintiff does not contend that the pleadings were amended under Rule 55.33(b), and as stated in *Lester*, evidence will give rise to such an amendment only where it bears solely on the proposed new issue and is not relevant to some other issue already in the case. 850 S.W.2d at 869.

■ It is an elementary rule of appellate review that a case is reviewed only upon the theory on which it was tried. *Kestner v. Jakobe*, 446 S.W.2d 188, 196 (Mo.App.1969). Where mutual mistake was not recognized by the parties as an issue during the trial, the judgment should not be upheld on that basis. *Id.*

■ As "mutual mistake" was not pleaded and the pleadings were not amended by the evidence, the trial court should not have rendered judgment on that theory. However, as the result was correct under the pleadings and evidence presented, the judgment must be affirmed.

■ To recover for fraudulent misrepresentation, a plaintiff must establish: "1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity, or his ignorance of its truth; 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the representation being true; 8) his right to rely thereon; and, 9) the hearer's consequent and proximately caused injury." *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988). *See also Norden v. Friedman*, 756 S.W.2d 158, 164 (Mo. banc 1988).

■ Where fraud is present a party may seek to affirm the contract and sue for

damages or may disaffirm the contract, including a deed and sue for rescission. *See Osterberger v. Hites Construction Co.*, 599 S.W.2d 221, 227 (Mo.App.1980). Rescission may be based upon a false representation "which, although described or labeled as fraudulent, is in reality a misrepresentation or concealment made innocently as a result of a misapprehension or mistake." *Id.* This appears to describe the situation here.

A former officer of defendant who was primarily responsible for the sale testified that at the time the items were sold defendant "didn't know exactly what we did own". As recited in element 4 above, it is not necessary that the defendant have knowledge of the falsity of a representation, merely "ignorance of its truth". *Cf. Farr v. Hoesch*, 745 S.W.2d 830, 832 (Mo.App.1988).

Each of the necessary elements of fraud was either established by the evidence without dispute or necessarily found by the trial court. As there were no specific findings of fact, all fact issues are found in accordance with the result reached. Rule 73.01(a)(3). Plaintiff was entitled to the relief received.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.