**Clifford J. DROZ, Appellant,**

v.

**Laura TRUMP, Respondent.**

**No. WD 53650.**

Missouri Court of Appeals,
Western District.

March 24, 1998.

---

2. The Shrewsburys objected to the figures' accu-racy but not to the exhibit's admission.

Russell E. Steele, Kirksville, for Appellant.

Allan D. Seidel, Trenton, for Respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Clifford J. Droz appeals from the judgment of the Circuit Court of Mercer County in favor of Laura Trump, respondent, on his claim against her for rescission, based on fraudulent misrepresentation, of a real estate contract entered into between them.

The appellant raises three points on appeal. In Point I, he claims in two subpoints that the trial court erred in entering judgment for the respondent on the appellant's claim for rescission because in doing so it erroneously declared and applied the law. He contends that the trial court erroneously declared and applied the law because it held that the appellant was not entitled to a rescission in that: (1) he was required but failed to show actual fraud by the respondent, as opposed to constructive fraud; and (2) he was required but did not make reasonable inquiry which would have uncovered the alleged nondisclosed material fact forming the basis for his fraudulent misrepresentation claim, specifically the existence of the DNR letter and investigation of the property as a hazardous waste site. The claim in Point II is simply a corollary to the claim raised in the second subpoint in Point I. In Point II, the appellant claims that the trial court's finding that he failed to make reasonable inquiry as to the alleged nondisclosed material fact was against the weight of the evidence. In Point III, the appellant claims that the trial court erred in entering judgment for the respondent because the weight of the evidence required judgment be entered for him.

We reverse and remand.

## Facts

In 1980, Laura Trump, the respondent, and her late husband, Wallace, purchased a 40–acre tract of land commonly known as the "former Trenton Landfill site." Mr. Trump, who died in August of 1984, was a farmer and used the property to raise a variety of crops. After her husband's death, the respondent enrolled the property in the Conservation Reserve Program (CRP). The annual CRP payments to the respondent were $2,035 per year.

In a letter to the respondent, dated February 20, 1990, the Department of Natural Resources (DNR) advised her that the former Trenton Landfill site was being investigated as an uncontrolled hazardous waste disposal site. After receiving the letter from the DNR, the respondent listed the property for sale with Walden Realty in Trenton on March 28, 1990. The listing agreement made no mention of the DNR letter or investigation.

Clifford Droz, appellant, was interested in purchasing land on which he could raise horses and build or place a home. In this vein, he contacted Wayne King, an agent for Walden Realty, in July of 1990, who showed him the respondent's property. Mr. King disclosed to the appellant the fact that the land had previously been used as a landfill. After the appellant informed Mr. King of his intended purposes for the land, he assured the appellant that the site would be suitable for his intended purposes.

The appellant testified that he would not have purchased the property if he had known it was under DNR investigation or if he had known there was a possibility that he could not use it for his intended purposes. The respondent testified that the existence of a DNR investigation would impact her decision to purchase if she was buying the property. She also stated that since she believed the existence of the DNR investigation was important, she had instructed the realtor, Virgil Walden, to notify any potential buyers of the existence of the DNR letter. She did not know if the existence of the letter was ever made known to the appellant. Mr. Walden denied being told by the respondent that the property was under investigation. Bob Burch, an agent of Walden Realty, testified that the respondent showed him the DNR letter, and that it became part of the Walden Realty file on the property. The respondent and appellant met on one occasion, but the existence of the DNR letter was never discussed.

Marvin Gordon, a loan officer from the Trenton Mercantile Bank, testified that his bank refused to make a real estate loan as opposed to a personal loan to the appellant for the purchase of the site because of potential liability due to the use of the property as a landfill. Mr. Gordon also stated that the DNR letter appeared in the bank file, but he did not recall discussing the letter or its contents with the appellant.

On July 30, 1990, the respondent entered into a real estate contract with the appellant to sell him the 40–acre tract for $20,000. The contract did not disclose the existence of the DNR letter or mention that the property was being investigated by the DNR as a potential abandoned or uncontrolled hazardous waste disposal site. The sale was closed in November, 1990.

On May 23, 1991, the appellant was notified by letter that the DNR intended to place the property on the "Registry of Confirmed Abandoned or Uncontrolled Hazardous Waste Disposal Sites in Missouri" as authorized by § 260.440. Any property placed on the Registry is subject to the provisions of 10 CSR 25–10, which, *inter alia*, requires DNR approval before any change in use can be undertaken and notification to potential buyers that the property is on the Registry. The DNR letter advised the appellant that he had a right to appeal the decision to list his property on the Registry by notifying the DNR director in writing of his desire to appeal within 30 calendar days of receipt of the notification. Subsequent to the appellant receiving the DNR letter, his attorney sent the respondent a letter dated May 12, 1992, seeking to rescind the real estate contract.

Pursuant to the notice in the DNR letter, the appellant timely filed a notice of appeal and was granted a hearing thereon. Following the hearing, which commenced in March, 1992, and was concluded in June of the same

year, the Missouri Hazardous Waste Management Commission ordered that the property be placed on the Registry. The site was officially placed on the Registry on July 17, 1992.

On April 22, 1993, the appellant filed a three-count petition in the Circuit Court of Grundy County, Missouri. In Count I, the appellant sought damages against the respondent, Walden Realty Company, and realtors Virgil Walden and Wayne King for fraudulent misrepresentation. In Count II, the appellant sought rescission of the real estate contract based on fraudulent misrepresentation. In Count III, the appellant sought damages against the respondent for breach of warranty. The respondent filed a motion for a change of judge and a change of venue which were granted. The case was transferred on a change of venue to the Circuit Court of Mercer County, with the Honorable Richard L. Parker assigned to hear the case.

Prior to trial, the appellant voluntarily dismissed Counts I and III of his petition and proceeded to trial solely on Count II for rescission of the real estate contract based on fraudulent misrepresentation. After a judge trial on October 21, 1996, the circuit court entered a judgment on October 28, 1996, in favor of the respondent.

This appeal follows.

### Standard of Review

 Our review of an appeal of a suit in equity is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Jones v. Teachers Ins. and Annuity Ass'n*, 934 S.W.2d 307, 309 (Mo.App.1996). The decree or judgment of the circuit court will be sustained unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. *Id.* In conducting our review, we accept all evidence and inferences favorable to the judgment and disregard all contrary inferences. *Id.* (*citing Pinnell v. Jacobs*, 873 S.W.2d 925 (Mo.App.1994)).

## I.

In Point I, the appellant claims in two subpoints that the trial court erred in granting judgment to the respondent on the appellant's claim for rescission of the parties' real estate contract based on fraudulent misrepresentation because in doing so it erroneously declared and applied the law. He contends that the trial court erroneously declared and applied the law because it held that the appellant was not entitled to a rescission of the contract in that: (1) he was required but failed to show actual fraud by the respondent, as opposed to constructive fraud; and (2) he was required but did not make a reasonable inquiry which would have uncovered the alleged nondisclosed material fact forming the basis for his fraudulent misrepresentation claim, specifically the existence of the DNR letter and investigation. In this respect, the trial court held that:

"[f]or rescission to be available, there must be a knowing concealment of material fact by [respondent] for which there was a duty to disclose and which fact could not have been made known to the [appellant] from reasonable inquiry. Equitable relief is available to one who cannot protect himself; but not available to one who chooses not to protect himself. In the absence of reasonable inquiry by [appellant] in this case, rescission is not to be granted."

The appellant contends that this was a misstatement and misapplication of the law by the trial court because fraudulent misrepresentation supporting rescission of a real estate contract can be based on constructive fraud, as well as actual fraud, and he was not required to make any inquiry which would have disclosed the DNR letter and investigation. The appellant further contends that he was prejudiced by the trial court's error in misstating and misapplying the law in that he pled and proved fraudulent misrepresentation based on constructive fraud, which based on the evidence entitled him to judgment on his claim for rescission of the parties' real estate contract.

 The rescission of a contract may be based upon actual fraud where a false representation of a material fact is made with the knowledge of its falsity and with the intent to

deceive. *Groothand v. Schlueter*, 949 S.W.2d 923, 927 (Mo.App.1997) *(citing Osterberger v. Hites Const. Co.*, 599 S.W.2d 221, 227 (Mo. App.1980)). However, it may also be based upon a false representation or a concealment, which is a misrepresentation or concealment made innocently as a result of a misapprehension or mistake. *Id.; Cottonhill Inv. Co. v. Boatmen's Nat'l Bank*, 887 S.W.2d 742, 744 (Mo.App.1994). In other words, in an action to rescind a contract based on fraudulent misrepresentation, " 'it is not necessary to show that the party making the fraudulent representations knew of their falsity, or made them with an intent to cheat and defraud.' " *Osterberger*, 599 S.W.2d at 227 *(citing Ellenburg v. Edward K. Love Realty*, 332 Mo. 766, 59 S.W.2d 625, 627 (1933)). Therefore, as the appellant contends, rescission of a contract for fraudulent misrepresentation may be based on either actual or constructive fraud. *Osterberger*, 599 S.W.2d at 227.

The respondent does not dispute the appellant's contention that rescission of a real estate contract may be based on actual or constructive fraud. Instead, she argues that the trial court did not err in entering judgment based on the appellant's failure to show actual fraud, because he did not properly plead fraudulent misrepresentation based on constructive fraud; and, therefore, the circuit court's judgment was correct under the pleadings. *See Cottonhill Inv. Co.*, 887 S.W.2d at 744 (holding that where a theory is not pled and the pleadings are not amended by the evidence, the trial court cannot render judgment on that theory). Thus, we must first determine whether the appellant properly pled fraudulent misrepresentation based on constructive fraud.

The elements required to properly plead a claim of fraudulent misrepresentation based on constructive fraud are identical to those required for a claim of fraudulent misrepresentation based on actual fraud, with the exception of the fourth element. *Id.* at 744. The essential elements to establish liability for fraudulent misrepresentation based on actual fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that it should be acted on by the

person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) his right to rely thereon; and, (9) the hearer's consequent and proximately caused injury. *Id.* (citations omitted). Unlike the fourth element of fraudulent misrepresentation based on actual fraud, to establish the fourth element of a claim of fraudulent misrepresentation based on *constructive fraud*, it is not necessary for the plaintiff to plead and prove that the defendant had knowledge of the falsity of his or her representation, but only that he or she was ignorant of its truth. *Id.* Rescission based on fraudulent misrepresentation can be based "upon a 'misrepresentation or concealment made innocently as a result of a misapprehension or mistake.' " *Groothand*, 949 S.W.2d at 927 *(quoting Osterberger*, 599 S.W.2d at 227). The respondent's contention that the appellant failed to properly plead fraudulent misrepresentation by constructive fraud is based on her argument that the appellant did not properly plead the required fourth element of the same. The issue then becomes whether the appellant sufficiently pled the fourth element of a claim of fraudulent misrepresentation based on constructive fraud.

In support of his argument that he properly pled fraudulent misrepresentation based on constructive fraud, specifically the fourth element, the appellant points to paragraph nineteen of his pleadings, which states, in pertinent part: "[t]hat Defendants *knew* that such representations to [appellant] of the suitability of said real estate for the purposes for which [appellant] intended to use the property were false *or they were ignorant of the truth or falsity* of such representation...." (Emphasis added.) The appellant contends that the language in paragraph nineteen alleging that the defendants were ignorant of the truth or falsity of their representations as to the suitability of the land on which to raise horses and to build or place a home was consistent with an allegation of constructive fraud. We agree, but that is not the end of our inquiry as to whether the appellant properly pled fraudulent misrepresentation based on constructive fraud, in that the respondent contends that paragraph

nineteen must be read in conjunction with paragraph twenty which is inconsistent with an allegation of constructive fraud.

In claiming that the appellant did not properly plead fraudulent misrepresentation based on constructive fraud, the respondent argues that paragraph nineteen cannot be read in isolation, but must be read in conjunction with paragraph twenty. In this respect, paragraph twenty of appellant's petition states that the "Defendants *intended* that [appellant] rely upon such representations and the concealment of said facts *in order to mislead* [appellant] as to the actual value of said real estate and to induce [appellant] to purchase said real estate." (Emphasis added.) The respondent contends that the language in paragraph twenty, alleging that the defendants made an intentional misrepresentation, is consistent with an allegation of fraudulent misrepresentation based on actual fraud, but is inconsistent with an allegation of fraudulent misrepresentation based on constructive fraud. The question then is whether, in light of this apparent inconsistency between paragraphs nineteen and twenty, the appellant properly pled fraudulent misrepresentation based on constructive fraud.

■■ "In order to determine the cause of action pleaded in a petition, this court must read the petition 'from its four corners' and in its entirety. We must give the language its plain and ordinary meaning and interpret it as it fairly appears to have been intended by the pleader." *Burns v. Black & Veatch Architects, Inc.*, 854 S.W.2d 450, 457 (Mo.App.1993) (*citing Maddox v. Truman Medical Center, Inc.*, 727 S.W.2d 152, 153 (Mo. App.1987)). Further, Rule 55.05 requires the pleadings of a party to be interpreted liberally and afforded all inferences which are fairly deducible from the facts as stated. *Schimmer v. H.W. Freeman Const. Co.*, 607 S.W.2d 767, 770 (Mo.App.1980) (*citing Hall v. Smith*, 355 S.W.2d 52, 55 (Mo. banc 1962)). "In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deducible from the facts stated." *State ex rel. United Industries v.*

*Mummert*, 878 S.W.2d 494, 496 (Mo.App. 1994) (citations omitted).

Reading the appellant's pleadings in their entirety, giving the language of the pleadings its plain and ordinary meaning, and applying the standard of Rule 55.05, we find that, although the appellant's pleadings as to fraudulent misrepresentation based on constructive fraud are not a model of draftsmanship in that there is some inconsistency between paragraphs nineteen and twenty, the appellant sufficiently pled fraudulent misrepresentation based on both actual and constructive fraud.

■■ Because we find that the appellant sufficiently pled constructive fraud as a basis for his fraudulent misrepresentation claim and the law allows rescission on that basis, the trial court clearly erred in holding that the only way that there could be a rescission of the parties' real estate contract was by appellant's proving actual fraud on the part of the respondent. However, merely because the trial court erred in this respect does not entitle the appellant to the appellate relief he requests. He must also show that the error was prejudicial. *Lewis v. Wahl*, 842 S.W.2d 82, 84–85 (Mo. banc 1992). Thus, the next issue for us to determine is whether the trial court's error in misstating and misapplying the law was prejudicial.

An error is prejudicial requiring reversal if it materially affects the merits of the action. *Id.;* Rule 84.13. Here, the record reflects that based on its erroneous belief that the appellant was required to prove fraudulent misrepresentation based on actual fraud, the trial court entered its judgment for the respondent in that it found that the appellant did not prove that the respondent knowingly concealed the DNR letter and investigation. From this, it can be inferred that, if the trial court had correctly declared and applied the law as to the rescission of a contract for fraudulent misrepresentation, it would have addressed the issue of whether rescission here was properly based on constructive fraud, as well as actual fraud.

Obviously, the trial court's failure to address the issue of fraudulent misrepresentation based on constructive fraud potentially prejudiced the appellant because the outcome of the case may have been different if it had

done so. Thus, the trial court's erroneous declaration and application of the law would materially affect the outcome of the appellant's case because it failed to determine whether he could have succeeded on his claim under either actual or constructive fraud, unless from the record it is demonstrated that he could not have succeeded on his claim in any event. We will not reverse and remand the cause merely because the trial court's erroneous declaration and application of the law as to fraudulent misrepresentation affected the outcome of the action. *Southwestern Bell Media, Inc. v. Ross,* 794 S.W.2d 706, 709 (Mo.App.1990). The record must demonstrate that there was evidence adduced at trial, which if believed, would support the appellant's claim for fraudulent misrepresentation based on constructive fraud. *Id.* The issue then becomes whether the appellant adduced sufficient evidence, which if believed by the trial court, would support a judgment for the appellant on his claim for rescission for fraudulent misrepresentation based on constructive fraud.

▮▮▮ After reviewing the record, we find that there was evidence presented, which if believed, would satisfy the elements for establishing a claim of fraudulent misrepresentation based on constructive fraud, as set forth, *supra.* The appellant testified that he informed the respondent's real estate agent of his intended purposes in purchasing the land. The respondent testified that she informed the agent of the existence of the DNR letter and that he should notify any buyers of the letter's existence. However, even though the real estate agent was aware of the letter, he assured the appellant that the land was suitable for his intended purposes without ever disclosing to him the existence of the DNR letter and the ongoing investigation. The appellant testified that he relied on the agent's assurances of the land's suitability for his intended purposes in purchasing it. He further testified that he did not know of the existence of the DNR letter or investigation as to the property, and that he would not have purchased it if he had known of the letter or investigation and that there was a possibility that he could not use the property for his intended purposes. We find that if believed by the trial court, this evidence would support a judgment for the appellant on his claim for rescission for fraudulent misrepresentation based on constructive fraud, unless, as found by the trial court, he was not entitled to rescission based on fraudulent misrepresentation because he failed to make a reasonable inquiry that would have led to the discovery of the DNR letter and investigation. *See, Wells v. Carpenter,* 916 S.W.2d 405, 407 (Mo.App.1996) (holding that the trial court's judgment must be affirmed if it is correct on any theory). This is the issue raised in the appellant's second subpoint, the issue being whether the appellant, to be entitled to rescission of the parties' real estate contract based on fraudulent misrepresentation, was required, under the law, to make a reasonable inquiry that would have disclosed the existence of the DNR letter and investigation, which the trial court found he failed to do in support of its judgment for the respondent.

▮▮▮ As a general proposition, the "[l]aw protects the uninformed and credulous with the same strength and vigilance that it protects the informed and skeptical." *Osterberger,* 599 S.W.2d at 228. However, the respondent is correct when she asserts in her brief that "[t]he burden is on the party claiming fraudulent nondisclosure to show the undisclosed information was beyond his reasonable reach and not discoverable in the exercise of reasonable diligence." *Mobley v. Copeland,* 828 S.W.2d 717, 726 (Mo.App. 1992); *see also, VanBooven v. Smull,* 938 S.W.2d 324, 328 (Mo.App.1997). Put another way, "equitable relief is unavailable for fraudulent representations where . . . a party relies on representations that would arouse the suspicion of one with ordinary prudence, or neglects means of information easily discoverable." *Stephenson v. First Missouri Corp.,* 861 S.W.2d 651, 656 (Mo.App.1993). Due diligence, in the context of fraudulent misrepresentation, based on the nondisclosure of a material fact, supporting rescission of a real estate contract, may require the plaintiff to make inquiry into a potential problem with the real estate where he or she should be reasonably suspicious of the same. *Mobley,* 828 S.W.2d at 726. "However, this rule is not applicable where a distinct and

specific representation is made to be acted upon for the purpose of inducing action and which has induced action." *Stephenson*, 861 S.W.2d at 656.

The record reflects that an agent for Walden Realty, acting on the respondent's behalf in selling her property, specifically represented to the appellant that the land in question could be used for his intended purposes. *See, Langwell v. Willbanks*, 106 S.W.2d 417, 418 (Mo.1937) (holding that a seller is responsible for the misrepresentations of his or her listing realtor made in the course of selling his or her property). He made this representation notwithstanding the fact that the realtor's file contained the DNR letter concerning the DNR investigation of the land as a hazardous waste site, which called into serious question whether the land would be placed on the Registry, and, as a result, could ever be put to the uses intended by the appellant. Given the specific representation of the real estate agent to the appellant that he could use the land for his intended purposes, the appellant was not required under the law of rescission, based on fraudulent misrepresentation, to make any affirmative inquiry or investigation, including examining public records, *Stephenson*, 861 S.W.2d at 656; *Osterberger*, 599 S.W.2d at 228; *Gamel v. Lewis*, 373 S.W.2d 184, 191–92 (Mo.App.1963), which would have disclosed the DNR letter or investigation. Thus, the trial court erred in holding that rescission was not available to the appellant because he failed to make such an inquiry.

Because we find that the trial court erred in entering judgment in favor of the respondent based on the appellant's failure to show actual fraud and make reasonable inquiry, and that such error was prejudicial, we must reverse the circuit court's judgment and remand the cause for a new trial to determine whether the parties' real estate contract should be rescinded for fraudulent misrepresentation based on constructive fraud.

Given our resolution of appellant's Point I, we need not address his Point II, which challenges the sufficiency of the evidence to support the circuit court's finding that he was not entitled to judgment because of his failure to make a reasonable inquiry that would have disclosed the DNR letter and investigation, in that Point II is now moot. And further, we need not address appellant's Point III, in that therein he requests us to grant him a judgment rescinding the real estate contract based on constructive fraud. Although Rule 84.14 does allow us to do that which the appellant requests, it is only allowed in those cases where "[t]he record and evidence permit this Court to make that decision with confidence in the reasonableness, fairness, and accuracy of the decision." *Moritz v. Moritz*, 844 S.W.2d 109, 113 (Mo.App. 1992). Given the record, we are unable to do that here. We have more confidence in remanding the cause with it to be retried in accordance with this opinion.

### Conclusion

The judgment of the circuit court for the respondent on the appellant's claim for rescission of their real estate contract is reversed and the cause is remanded for a new trial in accordance with this opinion to determine whether the contract should be rescinded for fraudulent misrepresentation based on constructive fraud.

All concur.