**BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, Respondent,**

v.

**Gloria ELAM, Appellant.**

**No. ED 76638.**

Missouri Court of Appeals, Eastern District, Division Two.

June 13, 2000.

Michael A. Garvin, Patricia Hageman, St. Louis, for appellant.

Kenneth C. Brostron, Kevin L. Fritz, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Gloria Elam (Elam) appeals from the trial court's judgment in favor of the

Board of Education of the City of St. Louis (Board) awarding it $3,994.36 for Elam's violation of Section 167.020, RSMo Cum. Supp.1999, and $35,730.00 for fraud, including $3,000.00 in punitive damages. Elam contends the trial court erred in (1) rendering judgment against her on Count III regarding her daughter Redena because there was not substantial evidence to support the judgment for fraud, and (2) rendering judgment against her on Count I regarding her son Devallace because the Board failed to produce substantial evidence to support its claim that Elam violated Section 167.020, RSMo Cum.Supp. 1999. We affirm.

The Board filed suit against Elam seeking monetary damages for Redena's attendance at Pruitt Military School and Cleveland Jr. ROTC from 1987 through 1993 and Devallace's attendance at Pruitt Military School from November 1996 to June 1997. The Board filed an amended petition containing three counts. Count I alleged a violation of Section 167.020, RSMo Cum.Supp.1999,[1] regarding Devallace, and Count II alleged fraudulent misrepresentation for knowingly submitting false residency information for the purpose of enrolling Devallace in a St. Louis City magnet school. Count III of the amended petition alleged an additional fraudulent misrepresentation count against Elam for knowingly submitting false residency information for the purpose of enrolling Redena in St. Louis City magnet schools.

The following evidence was adduced at trial. Elam, a single parent, worked as a teacher employed by the Board since 1979. Elam taught at Banneker Elementary School for approximately 11 years, and at the time of trial worked at Mason School. Throughout the years she was employed by the Board, Elam lived at 4904 Jeanie Place in Alorton, Illinois. Elam had a

daughter, Redena, and a son, Devallace, who at the time of trial were ages 23 and 13 respectively. Redena attended Pruitt Military School, a St. Louis City magnet school, from September 1987 until June 1988 and Cleveland Jr. ROTC, also a St. Louis City magnet school, from September 1989 until January 1993. Devallace attended Pruitt Military School from November 12, 1996, until June 13, 1997.

Sometime in the 1980's, Elam approached Mary O'Neal and requested permission to use her city address to enroll Redena into the St. Louis Public School System. At this time, Mary O'Neal resided at 3038B Samuel Shepard in the City of St. Louis. Elam provided the Board with various enrollment forms for Redena containing Mary O'Neal's Samuel Shepard address. Mary O'Neal testified that Elam asked to use her address because she lived in Illinois and needed a city address to enroll her children in the magnet schools. At trial, the Board introduced into evidence Redena's school transcript and a computer printout of Redena's "elementary school display," both of which indicated Redena's address as 3038B Samuel Shepard. Redena did not reside with Mary O'Neal at any time. Elam testified Redena lived with the Whites in the City of St. Louis while attending school. Elam testified that she used Mary O'Neal's address so that Redena could take the bus to O'Neal's home and then walk to Banneker Elementary School in the afternoons to meet Elam.

Before Devallace enrolled in Pruitt Military School, Elam filled out an application form indicating that Devallace's address was 2946 Franklin in the City of St. Louis. The Franklin address was, again, the home of Mary O'Neal, who had moved from her previous address used on Redena's appli-

1. All further statutory references are to RSMo Cum.Supp.1999 unless otherwise indicated.

cation. Devallace did not reside with Mary O'Neal at any time. Elam also provided the Board with a notarized document stating that Devallace currently resided with Dorothy Miller in the City of St. Louis. Elam testified Devallace lived with Dorothy Miller in the City of St. Louis while attending school. Again, Elam testified she used Mary O'Neal's address so that Devallace could be dropped off by the bus close to Banneker Elementary School.

Following the jury-waived trial, the trial court took the case under submission and requested post-trial briefs from the parties. The Board dismissed Count II of its Amended Petition and submitted Counts I and III to the trial court for determination. The trial court entered judgment in favor of the Board and against Elam on Count I for violation of Section 167.020 with respect to Devallace in the amount of $3,994.36, and Count III for fraudulent misrepresentation with respect to Redena in the amount of $35,730.00, which included $3,000.00 in punitive damages. Elam appeals from that judgment.

When reviewing a court-tried case, we adhere to the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Mullenix–St. Charles Properties, L.P. v. City of St. Charles*, 983 S.W.2d 550, 555 (Mo.App. E.D.1998). Further, we defer to the trial court's superior ability to assess the credibility of witnesses. *Flowers v. Roberts*, 979 S.W.2d 465, 469 (Mo.App. E.D.1998). We note the trial court did not find Elam credible stating, "[Elam's] attempts to excuse herself by mistake, confusion, a lack of knowledge and reliance on someone else's advice are totally and completely unbelievable!"

In her first point, Elam contends the trial court erred in rendering judgment against her on Count III regarding Redena because there was not substantial evidence to support the judgment for fraud. Elam asserts the Board failed to produce substantial evidence to support each element of fraudulent misrepresentation. We disagree.

■ The nine elements of fraud which must be proven in order to recover under Missouri law are: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of the truth; 5) the speaker's intent that it should be acted upon; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) his or her right to rely thereon; and 9) the hearer's consequent and proximate injury. *Cabinet Distributors, Inc. v. Redmond*, 965 S.W.2d 309, 312 (Mo.App. E.D.1998).

■ Because fraud is rarely susceptible of positive proof, a plaintiff may prove his or her case by circumstantial evidence. *Id.* A finding of fraud must rest on something more than suspicion, surmise, and speculation. *Blanke v. Hendrickson*, 944 S.W.2d 943, 944 (Mo.App. E.D.1997). Generally, a party fails to make out a case of fraud when the facts and circumstances presented are as consistent with honesty and good faith as they are with fraud. *Id.* The truth or falsity of the representation is determined as of the time it was made and as of the time it was intended to be relied and acted upon. *Id.*

■ To make a submissible case, substantial evidence is required for each fact essential to liability. *Botanicals on the Park, Inc. v. Microcode Corp.*, 7 S.W.3d 465, 468 (Mo.App. E.D.1999). Substantial

evidence is evidence which, if true, has probative force upon the issues and from which the trier of fact can reasonably decide a case. *Id.* The questions of whether evidence in a case is substantial and whether the inferences drawn are reasonable are questions of law. *Id.* A submissible case is not made "if it solely depends on evidence which equally supports two inconsistent and contradictory factual inferences because liability is then left in the realm of speculation, conjecture and surmise." *Blanke,* 944 S.W.2d at 944.

 Elam first argues that there was not substantial evidence to support the judgment for fraud because there was not evidence that she made a representation to the Board that she lived in the City of St. Louis or that Redena resided in the City of St. Louis. However, there was substantial evidence that Elam provided the Board with application and enrollment forms representing that Redena lived at Mary O'Neal's 3038B Samuel Shepard address in the City of St. Louis. Redena did not live with Mary O'Neal at the time Elam listed the 3038B Samuel Shepard address on the enrollment forms or at any other time. Further, the Board did not need to produce evidence that Elam represented to it that Elam herself lived in the City of St. Louis because the false representation concerned whether Redena lived in the City of St. Louis.

Elam then argues there was not evidence that she intended the Board to rely on any false representation for the purpose of enrolling Redena. However, in her own testimony, Elam testified that "[t]o the best of [her] knowledge" she intended that the Board would rely on the enrollment documents in deciding whether to enroll Redena in the City magnet schools. As further evidence of Elam's intent, Mary O'Neal, who the trial court found to be "highly credible," testified that Elam approached her and requested permission to use her city address to enroll Redena into the St. Louis Public School System.

 Elam next argues there was not evidence that the Board had a right to rely on the representation. Elam asserts that the Board knew she resided in Illinois and could have done an investigation as to where her daughter Redena lived to determine the reason for the inconsistency. In support of this argument, Elam, citing *Weitzman v. Weitzman,* 156 S.W.2d 906, 908 (Mo.1941); *Droz v. Trump,* 965 S.W.2d 436, 443 (Mo.App. W.D.1998); and *Stephenson v. First Missouri Corp.,* 861 S.W.2d 651, 656 (Mo.App. W.D.1993), contends that a party who allegedly fails to avail itself of knowledge readily within its reach cannot complain of fraud. However, Elam fails to recognize that this rule "is not applicable where a distinct and specific representation is made to be acted upon for the purpose of inducing action and which has induced action." *Droz,* 965 S.W.2d at 443–444; *Stephenson,* 861 S.W.2d at 656. Here, Elam made a specific representation that Redena lived at 3038B Samuel Shepard in the City of St. Louis with the purpose that the Board would rely on such representation to enroll Redena in the City of St. Louis magnet schools. Further, there was evidence that the Board regularly relied on the application forms in determining the students eligible to attend the St. Louis City magnet schools.

Elam finally argues there was not evidence that the Board in fact relied on her representation in enrolling Redena. However, there was evidence that the Board relies on the application and enrollment forms in determining students' eligibility to participate in the lottery process and in enrolling students in magnet schools. The demand for enrollment in the St. Louis

City magnet schools far exceeds its capacity. Last year there were over 6,000 applications for only about 2,000 spots for students. Individuals residing in Illinois have never been eligible to apply for admission or enroll into the City of St. Louis's magnet schools and such an application with an Illinois address would be rejected on its face. The Board relied on the application and enrollment forms containing the false address in enrolling Redena into the City of St. Louis magnet schools. We find there was substantial evidence to support the trial court's judgment on Count III for fraud. Elam's first point is denied.

 In her second point, Elam contends the trial court erred in rendering judgment against her on Count I regarding Devallace because the Board failed to produce substantial evidence to support its claim that Elam violated Section 167.020.[2] Elam asserts the Board's evidence did not establish that she filed false information to satisfy proof of residency requirements. We disagree.

Section 167.020 provides, in pertinent part:

2. In order to register a pupil, the parent or legal guardian of the pupil or the pupil himself or herself shall provide, at the time of registration, one of the following:

(1) Proof of residency in the district. Except as otherwise provided in section 167.151, the term "residency" shall mean that a person both physically resides within a school district and is domiciled within that school district. The domicile of a minor child shall be the domicile of a parent or court-appointed legal guardian. . . .

* * *

4. Any person who knowingly submits false information to satisfy any requirement of subsection 2 of this section is guilty of a class A misdemeanor.

5. In addition to any other penalties authorized by law, a district may file a civil action to recover, from the parent or legal guardian of the pupil, the costs of school attendance for any pupil who was enrolled at a school in a district and whose parent or legal guardian filed false information to satisfy any requirement of subsection 2 of this section.

Under Section 167.020, the Board need only show that the parent filed false information to establish residency in the district. Elam argues she provided the enrollment clerk with a notarized document stating that Devallace lived with Dorothy Miller in the City of St. Louis and that Dorothy Miller had "guardianship over him" and, therefore, satisfied the requirements. However, Elam also provided the Board with an application stating Devallace lived at 2946 Franklin, Mary O'Neal's current address, although Devallace did not live at that address. Moreover, Dorothy Miller was not a court-appointed guardian over Devallace and there was evidence presented that Devallace did not live with Dorothy Miller during the time in question. We find there was substantial evidence to support the trial court's judgment on Count I for violation of Section 167.020 in that Elam used a false address to establish residency for Devallace in the City of St. Louis in order to enroll him in the magnet school. Elam's second point is denied.

2. Section 167.020 was enacted in 1996 and, therefore, was not in effect when Redena attended the St. Louis City magnet schools.

The judgment of the trial court is affirmed.

CRANE, P.J., and SULLIVAN, J., concur.