Ronald J. **DECHANT**, Respondent,

v.

**SAAMAN CORPORATION**, Appellant.

No. ED 78913.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 2001.

Amy S. Rubin, St. Louis, MO, for appellant.

Robert T. Summa, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Saaman Corporation ("Seller") appeals from the circuit court's judgment in favor of Ronald J. DeChant ("Buyer"). Seller contends the circuit court's judgment is not supported by substantial evidence and is against the weight of the evidence. Because we find the circuit court's judgment is not supported by substantial evidence and is against the weight of the evidence, we reverse.

Seller is a Missouri corporation in the business of buying and selling real estate for a profit. Seller acquired a condominium unit located at 3137 F Roger Williams Drive in Bridgeton, Missouri. In September 1998 in preparation for selling the property, Seller installed a new air-conditioning unit in the condominium at the recommendation of a repairman from Astro Heating & Cooling. No one occupied the condominium unit at this time, and the air-conditioning unit was not running or turned on.

In June 1999, Seller and Buyer entered into a "Special Sale Contract" for the sale of the condominium unit. The contract provided for an "as is" sale of the condominium and contained no provisions for any inspections. Buyer and Seller signed a seller's disclosure statement. Pursuant to the statement, Seller disclosed, among other things, that it was not "aware" of any problems with the heating, cooling, and ventilating in the premises and that a new air-conditioning unit was installed in September of 1998.

Prior to closing, Buyer walked through the property twice. Buyer failed to check the air-conditioning unit during any of the walk-throughs by Buyer even though he noticed it was warm inside the condomini-

um unit. Buyer further chose not to have a professional inspection of the condominium. Subsequent to the closing, Buyer noticed the air-conditioning unit was not properly cooling. Buyer contacted Seller's agent and notified him of the problem. In response, Seller sent a repairman from Astro Heating & Cooling to investigate the problem with the air-conditioning unit. The repairman suspected a refrigerant leak and filled the air-conditioning unit with freon. Seller paid the bill for this first service call. The problem with the air-conditioning unit continued. Buyer had various repairmen out to fill the air-conditioning unit with freon on several occasions and paid for the service calls himself. Subsequently, Buyer got several bids to get the suspected leak in the refrigerant lines fixed. Buyer accepted the lowest bid from Astro Heating & Cooling to replace the A-coil, the furnace and the refrigerant lines, and paid $1,560 for the work.

Buyer filed a petition in the small claims court alleging Seller "failed to disclose a faulty air-conditioning unit at the time of sale," seeking damages in the amount of $2,248 for breach of contract. The small claims court entered a judgment in favor of Buyer in the amount of $775. Seller filed for and received a trial de novo in the circuit court. At the conclusion of the trial de novo, the circuit court entered judgment in favor of Buyer in the amount of $1,808. Seller now appeals.[1]

■ Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the circuit court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

■ In its sole point on appeal, Seller argues the circuit court's judgment is not supported by substantial evidence and is against the weight of the evidence. Seller argues there is no evidence that it was aware of any continuing problem with the air-conditioning unit after the installation of the new unit in 1998. We agree.

■ In order to establish a claim for nondisclosure or fraudulent misrepresentation, the plaintiff must prove: (1) a representation, (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or his ignorance of the truth; (5) the speaker's intent that the representation should be acted upon by the hearer in a manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and (9) injury to the hearer proximately caused by that reliance. *Haberstick v. Gordon A. Gundaker Real Estate Co., Inc.*, 921 S.W.2d 104, 107–108 (Mo.App. E.D.1996). The burden of proving fraud is on the party who is charging fraud. *Blanke v. Hendrickson*, 944 S.W.2d 943, 944 (Mo.App. E.D.1997). Failure to prove any of the requisite elements is fatal to a claim for fraud. *Id.* Fraud must be established by evidence and is never presumed. *Id.* Generally, a party fails to make out a case for fraud when the facts and circumstances presented are as consistent with honesty and good faith as they are with fraud. *Id.*

■ Silence or nondisclosure of facts can be an act of fraud if it relates to a material matter known to the party sought to be accountable for fraud. *VanBooven v. Smull*, 938 S.W.2d 324, 328 (Mo.App. W.D. 1997). There must also be a duty to dis-

---

1. We note that Buyer did not file a brief in this matter, and thus, we write without the benefit of his argument.

close arising from a relationship of trust and confidence, inequality of condition, or superior knowledge that is not within the fair and reasonable reach of the other party. *Id.*

The key element in this case is whether Seller knew his representation was false or was ignorant of the truth when he made the representation that he was not aware of any problems with the air-conditioning unit and whether Seller had superior knowledge of the problem. Here, Seller argues the Buyer did not establish a case of fraud because he failed to produce evidence that Seller made a material representation concerning the air-conditioning unit that it knew was false, nor did Buyer establish that Seller had superior knowledge giving rise to a duty to disclose. We agree.

After reading the record from the trial de novo, we find that the judgment is not supported by sufficient evidence and is against the weight of the evidence. There is no evidence that Seller knew there was a problem with the air-conditioning unit after the installation of the new unit in September 1998. Seller testified that when it acquired the condominium it noticed a problem with the air-conditioning unit, and at the recommendation of Astro Heating & Cooling, had it replaced. Jason Anderson, the repairman from Astro Heating & Cooling, testified that the "condensing unit of the air[-]conditioning unit outside was bad" and the "compressor terminal block was melted off, and there was no freon in the system." Anderson testified that because the compressor block was off, he assumed that was where the leak was originating and, therefore, suggested that a new unit be installed. Astro Heating & Cooling subsequently installed a new unit in the condominium. When asked whether Seller's disclosure to Buyer that a new air-conditioner was installed in September 1998 was correct, Anderson responded that it was a true disclosure and that Astro Heating & Cooling installed a "new air-conditioner in [19]98." Anderson further testified that at the time of installation the new air-conditioning unit was cooling the condominium. The evidence shows that no one occupied the condominium after the new air-conditioner was installed until Buyer moved in. Further, Buyer testified that when he called Seller's agent to report that the air-conditioner was not working, the agent was shocked that the air-conditioning was not working. We find that there is no evidence that Seller knew there was a problem with the air-conditioning unit, and thus, Buyer has failed to show Seller had superior knowledge that the air-conditioning unit was faulty because of leaks in the refrigerant lines.

The judgment of the circuit court is reversed.

CRANDALL, P.J., and BLACKMAR, Sr. J., concur.