PROFESSIONAL LAUNDRY MANAGEMENT SYSTEMS, INC., An Illinois Corporation, Plaintiff–Respondent,

v.

AQUATIC TECHNOLOGIES, INC., and Dennis Flaum, Defendants–Appellants,

Aquatic Technologies, Inc., Counter Claimant/Third–Party Plaintiff–Appellant,

v.

Professional Laundry Management Systems, Inc., and Bill Hammerstroem, Third–Party Defendants–Respondents.

No. ED 80853.

Missouri Court of Appeals, Eastern District, Division Five.

June 24, 2003.

Gary M. Siegel, St. Louis, MO, for appellants.

Christopher W. Jensen, Union, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

In this contract dispute, Aquatic Technologies, Inc. (Seller) and Dennis Flaum (Flaum) (collectively Appellants), appeal the trial court's judgment against them and in favor of Professional Laundry Management Systems, Inc. (Buyer) in Buyer's suit for breach of contract and for misrepresentation. Seller also appeals the court's adverse judgment on its counterclaim/third-party petition for breach of contract and unjust enrichment. Appellants argue the trial court erred in: (1) considering extrinsic evidence regarding delivery dates in violation of the parol evidence rule; (2) holding Flaum personally liable for breach of contract, because Flaum was an agent acting on behalf of Aquatic; and (3) entering judgment against them on the misrepresentation claim, because Buyer failed to prove all the essential elements for fraudulent misrepresentation. We affirm in part and reverse in part. Because Appellants' claim of error regarding the alleged violation of the parol evidence rule affords them no relief, the court's judgment against Seller on the breach of contract claim is affirmed. And,

because we affirm the court's judgment against Seller on the breach of contract claim, and because Seller raises no separate claim of error regarding the judgment against it on its counterclaim/third-party petition, the court's judgment on Seller's counterclaim/third-party petition is affirmed. However, because there is not substantial evidence to impose personal liability on Flaum, the court's judgment against him on the breach of contract claim is reversed. Additionally, because there is not substantial evidence to support a claim for misrepresentation, the court's judgment on that count is also reversed.

### Factual and Procedural Background

This dispute arises out of two contracts entered into by Buyer and Seller for the purchase of certain used laundry equipment. Buyer, a commercial laundry, had entered into an agreement with a healthcare provider to process the provider's linens, beginning in April of 1999. In order to handle this increased volume, Buyer needed to expand its facility and laundry system. Initial conversations took place in the fall of 1998 between Buyer's employees and Mr. Flaum, part-owner of Seller, as a potential supplier of laundry equipment. These conversations consisted of a basic exchange of information about Buyer's substantial increase in business, its plans for expansion, the time frame for completion of the expansion in order to meet the increased volume, as well as the equipment Seller had available. Following these conversations and Flaum's tour of Buyer's facilities, Seller submitted a contract proposal to Buyer, whereby Seller agreed to provide certain used laundry equipment to the Buyer, for a sum total of $235,000. Buyer signed the contract on October 21, 1998, and made an initial payment of $70,000.

This October contract contained no provision regarding delivery times. Buyer's president testified at trial that the entire system was to be delivered and in-house by December 15, 1998. Installation was to be completed and the system operational for a test run by February 1, 1999, and the system was expected to be up and running by March 1st, giving Buyer a month's leeway before it was to begin processing the additional laundry. Evidence adduced at trial showed that Seller was aware of Buyer's expansion and that Buyer needed the equipment installed and running by March 1st in order to handle the increased volume of laundry.

The first delivery of equipment arrived in early December, 1998. However, only part of the equipment contracted for was delivered. Delivery on the remaining items was delayed until the end of December, and then delayed again until January. In mid-January, when the remaining equipment had yet to be delivered and when it was clear that the equipment was not going to be delivered in time to be installed and operational for Buyer to handle its increased load, Seller induced Buyer to sign a second contract for additional equipment. Buyer would not have entered into this second contract had the equipment contracted for under the October contract been delivered as expected. Two other deliveries were made, in February and March. Again, these were only partial deliveries. Buyer began sending demand letters after the February delivery, and continued to demand delivery or return of his money until the middle of April, well past the start-up date for Buyer's increased business. However, the vast majority of the items contracted for, under either contract, were never delivered.

As to the few items which were delivered, all or substantially all of the equipment was defective in one way or another,

having arrived broken, in disrepair, missing parts, or damaged beyond the point of use. Buyer contacted Seller following each delivery to express its complaints about the condition of the delivered items, as well as its concern about the items that had not been delivered. After the February delivery, Seller promised to send a mechanic to repair the equipment, but this promise was never fulfilled. Buyer held a public auction in the fall of 2000, but was unable to sell any of the items, and could only dispose of the equipment by giving it away to third parties, with Buyer incurring the shipping expenses.

Buyer filed suit against Appellants, both Seller and Flaum, for rescission, breach of contract, and damages for misrepresentation. Seller filed a counterclaim against Buyer and a third-party petition against Buyer's president, Bill Hammerstroem, for breach of contract due to nonpayment, or alternatively, for unjust enrichment. Following a bench trial, the court found Appellants in breach of contract for failure to deliver pursuant to the promised time frames, and entered judgment in favor of Buyer and against both Seller and Flaum on Buyer's counts for breach of contract and misrepresentation. The court also entered judgment against Seller on its counterclaim/third-party petition.[1]

### Standard of Review

On review of this court-tried case, we will affirm the trial court's judgment unless there is no substantial evidence to support the court's decision, the decision is against the weight of the evidence, or the court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We are primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result. *Business Men's Assur. Co. of America v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999). Thus, we will affirm the trial court's judgment under any reasonable theory supported by the evidence, regardless of whether the reasons advanced by the trial court are wrong or not sufficient. *Id.* We view the evidence, and permissible inferences therefrom, in the light most favorable to the trial court's decision and disregard all contrary evidence and inferences. *Farmers' Elec. Co-op., Inc. v. Missouri Dept. of Corrections*, 59 S.W.3d 520, 522 (Mo. banc 2001). We defer to the factual findings of the trial judge, and give due regard to the opportunity of the trial court to have judged the credibility of witnesses. *Mullenix–St. Charles Properties, L.P. v. City of St. Charles*, 983 S.W.2d 550, 555 (Mo.App. E.D.1998); Rule 84.13(d).

### Discussion

#### Parol Evidence

Appellants argue the trial court erred in finding the two contracts ambiguous, and violated the parol evidence rule in considering extrinsic evidence to determine that the parties intended the contract to be performed within a certain time schedule.[2] Appellants allege that because the court erred, its judgment against them on the breach of contract and misrepresentation claims should be reversed, and that we should remand for the court to enter judgment in favor of Seller on its counterclaim and third-party petition.

---

1. The court could not grant relief to Buyer for rescission of contract, as the equipment had been disposed of as scrap by the buyer. Thus, the court entered judgment in favor of Appellants on this count.

2. We consider Appellants' points without the benefit of a respondent's brief from either Buyer or Mr. Hammerstroem.

At trial Buyer's president testified that the entire system contracted for in the October contract was to be delivered by the end of December, 1998. In its judgment, the court found that Appellants represented and promised, on October 21, 1998 and thereafter, to deliver the equipment and to have the equipment operational within certain time parameters. And, referencing two letters from Seller, dated November and December of 1998, the court also found that Appellants were aware of a delivery deadline and did represent a promised delivery date. The court found Appellants in breach of contract for failure to deliver pursuant to the promised time frames.

■ Appellants' claim of error affords them no relief. Appellants seek reversal of the court's judgment on the breach of contract and misrepresentation claims. However, even if we were to find that the trial court erred in considering the evidence regarding delivery times, this does not necessitate reversal of the court's judgment. The trial court's judgment will be affirmed under any reasonable theory supported by the evidence. Though the court specifically found Appellants in breach of contract for failure to deliver pursuant to the promised time frames, the judgment in this case is also sustainable on other grounds. The court also entered findings of fact that Seller never delivered the vast majority of the items contracted for, and also found that all or substantially all of the equipment that was delivered

was defective. Appellants do not challenge that there is substantial evidence to support these findings, and thus, the judgment for breach of contract would be upheld due to Seller's nonperformance and/or delivery of nonconforming equipment.[3]

Because we affirm the court's judgment against Seller on the breach of contract claim, and because Seller advances no separate claim of error regarding the court's judgment against it on its counterclaim/third-party petition, we also affirm the court's judgment with regards to the counterclaim/third-party petition. Point denied.

### Liability of Agent

■ Although we affirm the court's judgment against Seller on the breach of contract claim, yet we do not do so with regard to the court's judgment against Flaum on that same count. Appellants allege the court erred in holding Flaum personally liable for breach of contract because he was merely an agent acting on behalf of the disclosed principal, Aquatic Technologies, Inc. We agree.

■ Where an individual signs an agreement on behalf of a disclosed principal and the capacity in which the individual signs is evident, the individual will not be personally liable on the instrument absent clear and explicit evidence of an intention to be bound. *Moore v. Seabaugh,* 684 S.W.2d 492, 495 (Mo.App. E.D.1984). The

---

**3.** Moreover, both contracts in this case are completely silent as to a time for delivery. Where a contract on its face is silent as to the time of performance, evidence of a prior oral agreement as to a specific time for performance is admissible to prove that a time or place was agreed on, and to rebut the usual presumptions that a party has a reasonable time for performance. *Kansas City Bridge Co. v. Kansas City Structural Steel Co.,* 317 S.W.2d 370 (Mo.1958); *See also, Beuc v. Mor-*

*rissey,* 463 S.W.2d 851 (Mo.1971); *See also State ex rel. Missouri Highway and Transp. Com'n. v. Maryville Land Partnership,* 62 S.W.3d 485, 489 (Mo.App. E.D.2001)(if a writing omits a consistent additional term that might naturally have been omitted in the circumstances, collateral facts and circumstances may be introduced to prove consistent additional terms); Section 400.2–202 RSMo. 2000.

presumption in such cases is that it was the agent's intention to bind his principal and not to incur personal liability, and an agent will not be bound personally, except upon clear and explicit evidence of an intention to be bound. *General Elec. Capital Corp. v. Rauch,* 970 S.W.2d 348, 356 (Mo.App. S.D.1998); *Wired Music, Inc. of the Great Midwest v. Great River Steamboat Co.,* 554 S.W.2d 466, 468 (Mo.App. 1977); *Headrick Outdoor, Inc. v. Middendorf,* 907 S.W.2d 297, 300 (Mo.App. W.D. 1995).

Here, the principal, Seller Aquatic Technologies, was fully disclosed to Buyer. Further, the form of the signature on October 1998 contract indicates that Flaum was an agent of Aquatic, and that he was not signing the contract in his individual capacity. The contract shows a signature line with what appears to be Dennis Flaum's signature. Below the signature line was the typewritten name "Dennis Flaum for Aquatic Technologies, Inc." A review of the record shows that the Buyer did not produce clear and explicit evidence to overcome the presumption that Flaum did not intend to be personally bound on the contract. Accordingly, the court's judgment against Flaum on the breach of contract claim is reversed. Point granted.

*Misrepresentation Claim*

■ Appellants' remaining points on appeal all assert trial court error in entering judgment for the Buyer on the misrepresentation count. Appellants claim Buyer failed to provide evidence to support all the essential elements of fraudulent misrepresentation. Because the points are closely related, we shall consider them together. We begin by noting that in its petition, Buyer did not specify whether it was bringing an action for fraudulent or negligent misrepresentation; the wording of the petition would support either action. Nor was the court specific in its judgment.

The court made no findings of fact, nor did it make any conclusions of law regarding the misrepresentation claim, stating only that it found sufficient evidence to support Buyer's misrepresentation claim. However, at trial the parties, and the court, consistently referred to this action as one for fraud.

■ In order to establish a claim for fraudulent misrepresentation, a plaintiff must prove: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or his ignorance of the truth; (5) the speaker's intent that the representation should be acted upon by the hearer in a manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and (9) injury to the hearer proximately caused by that reliance. *Clark v. Olson,* 726 S.W.2d 718, 719 (Mo. banc 1987); *Dechant v. Saaman Corp.,* 63 S.W.3d 293, 295 (Mo.App. E.D.2001). Failure to prove any of the requisite elements is fatal to a claim for fraud. *Id.*

Here, among other claims, Appellants allege Buyer failed to prove that Appellants had made any false representations. We agree. In its petition, Buyer alleged that Appellants represented that they had the equipment and expertise to service Buyer's business needs, and that Appellants knew they did not possess the items contracted for, nor have the means to obtain those items. Even if we were to assume that Buyer produced evidence of these representations, Buyer must also show that these representations were false, and that they were false at the time they were made, when they were intended to be relied and acted on. *Botanicals on the Park, Inc. v. Microcode Corp.,* 7 S.W.3d 465, 468 (Mo.App. E.D.1999). This Buyer did not do. Our review of the record

reveals that Buyer produced no evidence, either direct or from which it could be inferred, that these representations were false at the time they were made.

Fraud must be established by evidence and is never presumed. *Dechant,* 63 S.W.3d at 295. Though fraud is not to be presumed, we are mindful that because fraud is rarely susceptible of positive proof, a plaintiff may prove his case by circumstantial evidence. *See e.g., Chesus v. Watts,* 967 S.W.2d 97, 111 (Mo.App. W.D.1998); *Board of Educ. of City of St. Louis v. Elam,* 70 S.W.3d 448, 451 (Mo. App. E.D.2000). However, "before evidence may be taken as reasonably supporting an inference of fraud, it must rise above mere suspicion and point logically and convincingly to that conclusion." *Cantrell v. Superior Loan Corp.,* 603 S.W.2d 627, 634 (Mo.App. E.D.1980); *See also, Board of Educ.,* 70 S.W.3d at 451. The proof must "be of such a positive and definite quality" as to convince the court of the fraud. *Scott v. Car City Motor Co., Inc.,* 847 S.W.2d 861, 865 (Mo.App. W.D. 1992). Here, we cannot say that there is proof of such a positive and definite quality to rise above a suspicion of fraud in this case. While there is more than sufficient evidence to show failure to perform, we note that failure to perform alone is not sufficient to establish the intent of the promisor at the time the agreement was made. *Chesus,* 967 S.W.2d at 111. A plaintiff has to prove that the defendant not only breached the contract, but that the defendant intended to do so when he made the contract. *Id.* This was not shown in the present case. Accordingly, because Buyer failed to prove a requisite element, it cannot recover on a claim of fraudulent misrepresentation.

Nor is there sufficient evidence to sustain the judgment on grounds of negligent misrepresentation. In order to recover for negligent misrepresentation, a plaintiff must prove, in part, that the speaker supplied information in the course of his business and that because of a failure by the speaker to exercise reasonable care, the information was false. *Sanders v. Insurance Co. of North America,* 42 S.W.3d 1, 9 (Mo.App. W.D.2000). As discussed above, Buyer failed to provide evidence that the alleged information provided by Appellants was false. As with fraudulent misrepresentation, the failure to prove any one of the essential elements of negligent misrepresentation is fatal to recovery. *Id.*

The trial court's judgment in favor of Buyer on the misrepresentation count is not supported by substantial evidence, and therefore is reversed. Point granted.

In conclusion, the court's judgment against Seller on the breach of contract claim is affirmed. The court's judgment against Flaum on the breach of contract count is reversed. The court's judgment against Seller and Flaum on the misrepresentation claim is also reversed. And lastly, the court's judgment against Seller on its counterclaim/third-party petition is affirmed.

WILLIAM H. CRANDALL, JR., and SHERRI B. SULLIVAN, JJ., concur.